William J. Flynn, Jr., J.
On June 13, 1972, the defendant, Robert Lohnes, was indicted for perjury in the first degree (Penal Law, §§ 210.15, 210.20) arising out of inconsistent *508 statements made at the preliminary hearing and trial of James Blnitt, November 1, 1968 and October 23, 1969, respectively. The trial of the Lohnes case at bar commenced on October 5, 1973. Pursuant to CPL 300.50, the court in its charge submitted to the jury the lesser included offense of perjury in the third degree (Penal Law, § 210.05) for which he was subsequently convicted under the fifth count of the indictment. No objection to this charge was made by the defendant, who concurred in it; and there was no assertion by the defendant that the lesser included offense was barred by the Statute of Limitation, nor was it challenged on any other ground. After the jury reached its verdict, acquitting the defendant of perjury in the first degree but convicting him of the lesser included offense, he moved to set aside the verdict (CPL 330.30) based on the bar of the Statute of Limitations of two years as to the lesser included offense, a misdemeanor.
It is clear that the indictment charging the felony, perjury in the first degree, was timely since the prosecution was commenced within five years of its commission (Code Crim. Pro., § 142, subd. 1 [now CPL 30.10, subd. 2, par. (b) 1). It is equally obvious that, absent a statute extending the Statute of Limitations, a prosecution commenced on June 13, 1972 for a misdemeanor, would have been untimely since more than two years elapsed from the commission of the crime (Code Crim. Pro,. § 142, subd. 1 [now CPL 30.10, subd. 2, par. (c)]). The People, however, argue that CPL 30.10 (subd. 3, par. fbl). effective September 1, 1971 (relating to misconduct by a public servant) extends the Statute of Limitations in our case from two to seven years. The defendant was charged with perjury while performing his duties as a police officer. If this section of the CPL, enacted after the perjurious statements were made, is applicable, then a prosecution for a misdemeanor would have been timely.
The question is whether the two-year Statute of Limitations had expired before or after September 1, 1971, the date CPL 30.10 (subd. 3, par. [b]) was effective. This leads to the question of when does the Statute of Limitations begin to run where two inconsistent statements have been made. The answer can be found in section 210.20 of the Penal Law which reads as follows:
“ Where a person has made two statements under oath which are inconsistent * * * and where each statement was made * * * within the period of the statute of limitations for the crime charged, the inability of the people to. establish specifically which of the two statements is the false one does *509 not preclude a prosecution for perjury ” (emphasis added). The emphasized language indicates that the time begins to run from the making of the first inconsistent statement. Two years expired on November 1, 1970 as to the first inconsistent statement, so that CPL 30.10 (subd. 3, par. [b]), effective on September 1, 1971 is inapplicable to extend the time for prosecution for a misdemeanor.
Since a prosecution for the lesser offense, a misdemeanor, would have been untimely, the question arises whether the timely indictment for the felony eliminates the Statute of Limitations as a defense. This issue arose in New York as early as 1884 in People v. Dowling (1 N. Y. Crim. Rep. 529). The defendant was indicted in September, 1883 for murder committed in June, 1878. He subsequently was convicted of the lesser offense of manslaughter, though the five-year statutory period for crimes other than murder had expired. The trial court construed the statute (Rev. Stat. of N. Y., part IV, ch. II, tit. IV, § 37), which the court stated (p. 531) specified that “ other indictments must be found within five years ’ ’, to simply limit the time for filing indictments, and thus sustained the manslaughter conviction. The Appellate Division in a subsequent case, however, reached the opposite conclusion. (People v. Di Pasquale, 161 App. Div. 196 [3d Dept., 1914].) The defendant was indicted for murder committed more than five years prior to the indictment but was convicted of an attempt to commit murder. In interpreting former section 610 of the Penal Law which allowed conviction for a lesser degree or for an attempt, it concluded that the section “ only applies in a case where a defendant is liable to be indicted for an attempt to commit the crime.” (161 App. Div., at p. 198, emphasis added.) The court, which ignored Dowling, thus held that the lapse of time prevented conviction for any crime other than murder.
Though the defendant could have challenged the charge to the jury of the lesser included offense, a misdemeanor, he chose instead to benefit from it, and now wishes to attack it. Under the Criminal Procedure Law, however, he has waived his objections:
“ § 330.30. Motion to Set Aside Verdict; grounds for * * ■ *
“ 1. Any ground appearing in the record ” (emphasis added).
“ § 300.50. Court’s charge; submission of lesser included offenses.—
“ 1 # * * Any error respecting such submission, however, is waived by the defendant unless he objects thereto before the jury retires to deliberate. ’ ’ (Emphasis added.)
*510 The rationale for such a waiver requirement was well expressed by the court in People v. Legacy (4 A D 2d 453 [3d Dept., 1957]). In that case, the defendant who had been indicted for robbery, first degree, but was convicted of robbery, third degree, argued that the facts established in the record did not constitute the lesser offense. Though the court agreed that the facts did not fit a robbery, third degree, offense, it stated the following:
“If a defendant is to rely on this technically correct legal argument, however, he ought to make his reliance clear on the trial. The alternative given to a jury of finding the accused guilty of a lesser degree of crime may often be beneficial to him, since it permits a jury to exercise without explanation a technically incorrect measure of mercy if conviction in the lower degree is not consistent with the proof.
“ If he does not want the benefit of general instructions to a jury allowing it to find lesser degrees of crime * * * he ought to request that the jury be limited either to finding the proper higher degree or to returning a verdict of acquittal. He ought not to be allowed to take the benefit of the favorable cha,rge and complain about it on appeal. ” (4 A D 2d, at p. 455, emphasis added.)
The rule that a defendant can waive his Statute of Limitations defense to a charge of a lesser included offense was established in People v. Austin (63 App. Div. 382, affd. 170 N. Y. 585 [1902]). In that case the defendant, who was indicted for murder over five years after the commission of the crime, was convicted of manslaughter. The court noted the conflict between Dowling and other jurisdictions (Di Pasquale, 161 App. Div. 196, had yet to be decided) but concluded that the issue as to the timeliness of the manslaughter conviction need not be decided since it was not properly raised at the trial level. “ The point could only be raised by proof upon the trial under the plea of not guilty * * * and by some appropriate motion or request to charge.” (63 App. Div., at p. 387, emphasis added.) In our case, the point also was not properly raised at “ the trial ” which by statutory definition terminates upon rendition of a verdict (CPL 1.20, subds. 11, 12), i.e., the defense did not object to the court’s charge, and even more, concurred in it.
The defendant would probably today stand convicted of the felony if this trial court had not also submitted to the jury the lesser included misdemeanor, because the facts in this case would as easily have supported a verdict for the felony if the jury had not been give any other choice.
*511 Criminal defendants in general, and not merely in this case, would suffer marked injustice from being denied this option. It would have the practical effect, in case after case, of forcing convictions in a higher degree where guilt is plain, but where, if given the choice contemplated by CPL 300.50, a jury might convict for the lesser included degree of a given crime. The right and option must be preserved to all defendants to waive the Statute of Limitations so as to avail themselves of the protection of this statute. This is especially true in perjury indictments in general, where it is very possible that the date of the indictment will be more than two years after the first inconsistent perjurious statement, because the second inconsistent statement (which is necessary for the indictment — Penal Law, § 210.20) may perhaps not be made within a sufficiently brief period of time after the first one. Also of course there are many crimes in addition to perjury where the defendant’s right and option to waive the Statute of Limitations will be needed.
The defendant nevertheless argues that the Statute of Limitations is a “ jurisdictional ” element which cannot be waived. He relies on the following language in People v. Hines (284 N. Y. 93, 113 [1940]):
“ Unlike a Statute of Limitations in a civil case, such a statute creates a bar to prosecution and the time within which an offense is committed becomes a jurisdictional fact which the State must allege and prove.”
The court above was not considering the question of waiver of the Statute of Limitations by a defendant, but was concerned, instead, with the issue of an indictment pleading a timely prosecution.
The defendant also relies on language in People ex rel. Reibman v. Warden of County Jail (242 App. Div. 282, 284):
‘ ‘ A Statute of Limitations in criminal cases, therefore, differs from one applicable in civil actions, for while the latter bars the remedy only and not the cause of action, a statute limiting criminal prosecutions destroys the right of action as well as the remedy.”
Neither Hines nor Reibman cited any New York authorities. Hines cited only a text which upon examination reveals meager foreign case authorities. The concept itself, that the right of action simply dissolves automatically in the air in a criminal case, but not in a civil case, makes no special sense, and is nowhere based upon practical considerations. If carried to the extreme of claiming that it destroys a defendant’s right and option to waive the Statute of Limitations where it would benefit the defendant to waive it (as in the case at bar and many other *512 criminal cases where a defendant often would desire that a lesser included offense be charged to the jury) — then such dicta in Hines and Reibman become offensive to reason and dangerous to the administration of justice.
In any event, Hines was recently overruled as to its central holding by People v. Kohut (30 N Y 2d 183, 192 [1972]). In so doing, the Court of Appeals set forth an excerpt from Hines containing the same passage quoted above, rejected it for lack of adequate supporting authority, and disapproved the Hines premise and rationale (30 N Y 2d, at p. 191). Kohut holds that the defense of .the Statute of Limitations is to be raised on the trial and not on motion addressed to the sufficiency of the indictment.
The ease at bar involves the right and option of a defendant to waive the Statute of Limitations on trial. For that reason alone, Hines and Reibman are in no sense binding authorities, since that question was not before those courts for decision. This is even aside from the disapproval of the Hines dicta as expressed in Kohut (30 N Y 2d, at p. 191, supra).
That a defendant may waive the ¡Statute of Limitations at trial is the prevailing rule in New York. (People v. Austin, 63 App. Div. 382, affd. 170 N. Y. 585 [1902], supra; People v. Blake, 121 App. Div. 613, affd. 193 N. Y. 616 [1908]; People v. Brady, 257 App. Div. 1000 [2d Dept., 1939]; People v. Bailey, 103 Misc. 366, 374 [1918].)
To institute a rule denying criminal defendants the right and option to waive or not to waive, at the crucial time when a jury is about to be charged, would be an unfortunate departure.
The motion to set aside the verdict must, therefore, be denied.