**UNITED STATES of America,**
Plaintiff–Appellee,

v.

**John H. DeTAR, M.D.,**
**Defendant–Appellant.**

**No. 86–1199.**

United States Court of Appeals,
Ninth Circuit.

Argued March 11, 1987.

Submitted May 26, 1987.

Decided Nov. 17, 1987.

Alan Hechtopf, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

N. Patrick Flanagan, Reno, Nev., for defendant-appellant.

Before CANBY and NORRIS, Circuit Judges, and HUPP,* District Judge.

CANBY, Circuit Judge:

Dr. John H. DeTar appeals from a judgment of conviction entered by the United States District Court for the District of Nevada. DeTar was convicted by a jury of all counts of an eight-count indictment charging him with willfully attempting to evade and defeat the payment of federal income taxes for the years 1977 through 1984. 26 U.S.C. § 7201.

For each year, defendant filed a tax return on which he reported the amount of tax due, but paid none of the tax or only a nominal portion of it. According to his tax returns, DeTar's total tax liability for the prosecution years was $109,833. He had business net income of $566,581 and he paid only $350.59 of taxes due. DeTar placed funds and property in the names of nominees, placed funds and property beyond the reach of process. He dealt with his patients and others primarily in cash.

On appeal, DeTar contends that: (1) the indictment should have been dismissed for vindictive or selective prosecution, or because limitations had run; (2) he was improperly denied access to grand jury records; (3) the prosecution engaged in misconduct during the trial; (4) the district court erred in instructing the jury; and (5) the evidence was insufficient to sustain a conviction.

We deal with DeTar's contentions in the order he presents them. Nearly all are without merit. We agree with DeTar, however, that the district court committed reversible error in failing to instruct the jury on the lesser included offense of willful failure to pay tax when due, 26 U.S.C. § 7203. Because a retrial will be necessary, we omit discussion of DeTar's contention that the prosecution engaged in misconduct during his trial.

DeTar first contends that the district court erred in not dismissing his indictment on the grounds of vindictive prosecution, selective prosecution, and prosecutorial misconduct. In order to sustain a claim for vindictive prosecution, DeTar must show a reasonable likelihood of vindictiveness on the part of those who made the charging decision. *United States v. McWilliams*, 730 F.2d 1218, 1221 (9th Cir. 1984). He has made no such showing. In contrast to DeTar's characterizations, the long history of conflict between DeTar and the IRS suggests the appropriateness of initiating criminal action, not an appearance of vindictiveness.

To establish selective prosecution, DeTar must demonstrate (1) that similarly situated persons have not been prosecuted and (2) that he was selected for prosecution on the basis of an impermissible ground such as race, religion or the exercise of constitutional rights. *McWilliams*, 730 F.2d at 1221. DeTar offers no proof that similarly situated persons have not been prosecuted, nor does he show selection on an impermissible ground. The District Court properly denied DeTar's motions to

---

* Honorable Harry L. Hupp, United States District Judge, Central District of California, sitting by designation.

dismiss for vindictive and selective prosecution.

■ DeTar contends that the indictment should have been dismissed for prosecutorial misconduct before the grand jury. He offers nothing to suggest that any such misconduct occurred. He claims that the District Court erred in failing to grant him access to the grand jury records. Discovery of such records may not be ordered unless the defendant demonstrates with particularity the existence of a compelling need that is sufficient to outweigh the policy of grand jury secrecy. *United States v. Procter and Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958); *United States v. Murray*, 751 F.2d 1528, 1533 (9th Cir.), *cert. denied*, 474 U.S. 979, 106 S.Ct. 381, 88 L.Ed.2d 335 (1985). It is not sufficient for DeTar to assert that he has no way of knowing whether prosecutorial misconduct occurred. *United States v. Bennett*, 702 F.2d 833, 836 (9th Cir.1983). DeTar supported his request for production of grand jury records on nothing but baseless speculation. He stated that an unnamed grand juror told him that a previous grand jury had voted not to indict. The prosecutor informed the district court that no prior grand jury had refused to indict. DeTar presented no credible evidence to rebut the prosecutor's representation. "Speculation cannot justify this court's intervention into the grand jury's proceedings." *United States v. Claiborne*, 765 F.2d 784, 792 (9th Cir.1985), *cert. denied*, 475 U.S. 1120, 106 S.Ct. 1636, 90 L.Ed.2d 182 (1986). DeTar's claims will support neither authorization of access to the grand jury's records nor dismissal of the indictment.

Following his conviction, DeTar filed a motion for a judgment of acquittal on Counts I and II of indictment on the ground that those counts were barred by the six-year statute of limitations applicable to 26 U.S.C. § 7201. Counts I and II charge that DeTar attempted to evade the payment of taxes incurred in years 1977

and 1978. Because he was indicted on October 22, 1985, more than six years from the date returns were due for those years, DeTar contends that the District Court erred in denying his motion.

■ To convict DeTar of attempting to evade the payment of taxes, the Government must prove that he committed affirmative acts constituting evasion or attempted evasion. *See Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965). Even if the taxes evaded were due and payable more than six years before the return of the indictment, the indictment is timely so long as it is returned within six years of an affirmative act of evasion. *See United States v. Andros*, 484 F.2d 531, 532–33 (9th Cir.1973); *United States v. Trownsell*, 367 F.2d 815, 816 (7th Cir.1966). Overt, affirmative acts committed by DeTar through 1985 are sufficient to keep the action alive.

■ DeTar's one meritorious contention[1] is that the district court committed reversible error by failing to instruct the jury on the lesser included offense of willful failure to pay taxes in violation of 26 U.S.C. § 7203. The elements of that misdemeanor as applied to this case are: (1) willfulness and (2) failure to pay the tax when due. *Sansone v. United States*, 380 U.S. at 351, 85 S.Ct. at 1010. The felony offense of which DeTar was convicted, violation of § 7201, requires the same two elements of willfulness and an unpaid tax, plus a third: an affirmative act constituting an evasion or attempted evasion of the tax. *Id.* It is undisputed that § 7203 defines a lesser included offense of § 7201. DeTar was entitled to a lesser-included offense instruction if "there [were] disputed issues of fact which would enable the jury rationally to find that, although all of the elements of § 7201 have not been proved," all of the elements of the lesser included misdemeanor of § 7203 have been proved. *Id.*

---

1. DeTar also contends that the trial court erred in refusing to instruct the jury that his children's trust was valid because it was established

for a valid trust purpose. We find no error; the purpose of the trust was in dispute.

■ The government argues that the evidence is clear that the affirmative acts occurred, and that on this record there can be no dispute over whether they were willful. We do not agree. The Supreme Court has made it clear that conviction for the felony of tax evasion under § 7201, requires a showing of "some willful commission in addition to the willful omissions that make up the list of misdemeanors." *Spies v. United States*, 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418 (1943). Thus the willfulness involved in failing to pay the tax when due, resources being available, is not enough. For a felony conviction, there must be "proof of willfulness in the sense of a specific intent to evade or defeat the tax or its payment." *Edwards v. United States*, 375 F.2d 862, 867 (9th Cir.1967). The government quite correctly argues that the necessary intent may be inferred from conduct "the likely effect of which would be to mislead or to conceal." *Spies*, 371 U.S. at 499, 63 S.Ct. at 368. It further argues that there was ample evidence of such conduct in DeTar's use of the family trust, his insistence that his patients pay him in cash, and similar devices. We readily agree that there was sufficient evidence to support an inference of intent to evade the payment of taxes.[2] But the fact that the intent *may* be inferred does not mean that it *must* be inferred. "Such inferences are for the jury." *Id.* at 500, 63 S.Ct. at 368. DeTar presented evidence of other motives for his behavior, some religious, some personal, and some having to do with needs or desires of his patients. While the jury was by no means required to accept those reasons,[3] we conclude that a rational jury could have found a lack of intent or motive necessary to convict of evasion, while still finding a willful failure to pay the taxes when due.[4] The district court accordingly erred in failing to give the requested instruction on the lesser included offense. *See United States v. Crutchfield*, 547 F.2d 496, 500–01 (9th Cir. 1977).

The need for instructions on the lesser included offense raises in another posture the issue of the statute of limitations. The limitations period for § 7203, like that for § 7201, is six years. 26 U.S.C. § 6531(2) and (4). The two kinds of offenses do not necessarily mature at the same time, however. In this case, the government concedes that the offenses of willful failure to pay the tax when due were complete at the time DeTar filed his returns. Consequently, the limitations period had run on the lesser included offenses of Counts I and II when the indictment was returned.

■ The statute of limitations is not jurisdictional. It provides an affirmative defense, which is waived in this circuit if it is not asserted before or at trial. *United States v. Minor*, 756 F.2d 731, 737 (9th Cir.), *vacated on other grounds*, 474 U.S. 991, 106 S.Ct. 401, 88 L.Ed.2d 353 (1985); *United States v. Akmakjian*, 647 F.2d 12, 14 (9th Cir.1981), *cert. denied*, 454 U.S. 964, 102 S.Ct. 505, 70 L.Ed.2d 380 (1981).

---

2. DeTar's contention that there was insufficient evidence to support a conviction for violation of section 7201 is utterly without merit, and we need say no more of it.

3. "If the tax-evasion motive plays any part in such conduct the offense may be made out even though the conduct may also service other purposes such as concealment of other crime." *Spies*, 317 U.S. at 499, 63 S.Ct. at 368.

4. DeTar's case is distinguishable from *Sansone*, 380 U.S. at 350–51, 85 S.Ct. at 1009–10, where the Supreme Court held that a defendant convicted of violating § 7201 was not entitled to a lesser included offense instruction based on § 7203. *Sansone*, unlike DeTar, was shown to have filed a false return, which was the basis of his conviction for evasion. It was also the only basis for a possible conviction of the lesser included offense of failure to pay the tax when due. A jury could not rationally find a lack of willfulness required for the felony, without necessarily also finding a lack of willfulness required for the misdemeanor. An instruction on the lesser included offense would therefore have been improper.

In DeTar's case, as we have explained, a jury could find DeTar guilty of willful failure to pay because he had filed returns indicating a tax due, had not paid, and there was evidence of ability to pay. Such a finding would not have been logically inconsistent with a finding that DeTar lacked the specific intent to evade when he engaged in the additional conduct alleged by the government as a felony violation—conduct such as placing assets in trust and receiving only cash payments from patients.

DeTar claims he asserted the defense of limitations to the felony charges in Counts I and II prior to trial; the question of a limitations bar to the lesser included misdemeanors did not come up. Assuming that the defense to the lesser included offenses was not waived at an earlier point, the question arises whether the request for a lesser included offense instruction constituted such a waiver.

 DeTar argues that the defense was not waived by the request for the instruction, yet he adheres to his contention that the instruction should have been given on Counts I and II. If the import of his argument is that the jury should be instructed on a lesser included offense upon which a valid conviction could not be entered, we reject it. We will not permit the jury to be misled in that manner. *See United States v. Bowman*, 679 F.2d 798, 799 (9th Cir.1982) (rejecting view that court could give lesser included offense instruction when it lacked jurisdiction over that offense), *cert. denied*, 459 U.S. 1210, 103 S.Ct. 1204, 75 L.Ed.2d 445 (1983). Thus several courts have held that a defendant is not entitled to an instruction for a lesser included offense that is barred by limitations. *Chaifetz v. United States*, 288 F.2d 133, 135 (D.C.Cir.1960); *People v. Diedrich*, 31 Cal.3d 263, 643 P.2d 971, 982, 182 Cal.Rptr. 354, 365 (1982) (en banc); *Johnson v. State*, 265 Ind. 470, 355 N.E.2d 240, 242 (1976), *cert. denied*, 430 U.S. 915, 97 S.Ct. 1326, 51 L.Ed.2d 593 (1977); *Holloway v. State*, 362 So.2d 333, 334 (Fla.Dist. Ct.App.1978), *cert. denied*, 379 So.2d 953 (Fla.1980), *cert. denied*, 449 U.S. 905, 101 S.Ct. 281, 66 L.Ed.2d 137 (1980); *Tucker v. State*, 417 So.2d 1006, 1010 (Fla.Dist.Ct. App.1982), *appv'd*, 459 So.2d 306 (Fla. 1984).

There is, however, no reason to deprive a defendant of the benefit of an appropriate lesser included offense instruction if he waives his defense of limitations. *See Holloway v. Florida*, 449 U.S. 905, 101 S.Ct. 281, 66 L.Ed.2d 137 (1980) (Blackmun, Jr., joined by Brennan and Marshall, JJ., dissenting from denial of certiorari) (due process problems in denying defendant instruction on lesser included offense barred by limitations). At least one court that has considered the issue has required an express waiver of the limitations bar, and in its absence has upheld the denial of a lesser included offense instruction. *Tucker v. State*, 417 So.2d at 1013. We prefer, however, the rule adopted by the Fourth Circuit in *United States v. Williams*, 684 F.2d 296, 299–300 (4th Cir.1982). There the court held that a defendant who had requested and received an instruction on a lesser included offense, and had been convicted of it, had waived the bar of limitations by his conduct. We agree with this view. It best avoids the alternative evils of misleading the jury or denying a defendant an instruction that he desires and would be entitled to, but for the bar of limitations. We see no unfairness in attaching a waiver of limitations to an instruction requested by defendant from which he proposed to benefit. *Id.*

 Because we hold that a defendant's request for an instruction on a lesser included offense renders the statute of limitations unavailable regardless of the desires of the defendant, the doctrine we adopt might better be characterized as one of election rather than waiver. We have used the term waiver because it was employed by the cases we have cited above. Regardless of terminology, we emphasize that a defendant who requests an instruction on a lesser included offense cannot avail himself of a limitations defense for that included offense, whether he expressly waives the defense, remains silent, or expressly refuses to waive it.

DeTar accordingly waived the bar of limitations for the lesser included offense when he requested an instruction upon it. The instruction therefore should have been given, for Counts I and II as well as the remaining counts. DeTar's conviction is reversed and the case is remanded to the district court for a new trial.

REVERSED AND REMANDED.