**STATE**

v.

**Pierre LAMBRECHTS.**

**No. 89–386–C.A.**

Supreme Court of Rhode Island.

Jan. 28, 1991.

James E. O'Neil, Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., Annie Goldberg, Sp. Asst. Atty. Gen., for plaintiff.

John Macfadyen, David L. Martin, Providence, for defendant.

## OPINION

MURRAY, Justice.

This case comes before us on appeal by the defendant, Pierre Lambrechts, from his conviction on six counts of second-degree sexual assault. The defendant argues that the trial justice erred in denying his motion in arrest of judgment despite the defendant's conviction on time-barred offenses. The underlying issue is whether a criminal defendant waives his or her statute-of-limitations defense by failing to raise it below. This is a case of first impression in Rhode Island, and we hold that the statute of limitations is an affirmative defense that must be raised at or before trial or it is waived. We therefore affirm the denial of the defendant's motion in arrest of judgment.

The facts in this case are as follows. In October 1986 defendant was indicted on four counts of first-degree sexual assault, G.L.1956 (1969 Reenactment) § 11–37–2, as amended by P.L.1980, ch. 273, § 1, and two counts of second-degree sexual assault, § 11–37–4, as amended by P.L.1980, ch. 273, § 1. The assaults allegedly occurred in 1980, but they were not reported until 1986. At trial defendant requested that the trial justice instruct the jury on second-degree sexual assault as a lesser included offense of each count of first-degree sexual assault. The trial justice gave the requested instruction, and the jury convicted defendant on six counts of second-degree sexual assault: the four lesser included offenses of second-degree sexual assault and the two separate counts of second-degree sexual assault.

Shortly after the verdict, defense counsel took notice of the newly published case of *State v. Sullivan*, 541 A.2d 450 (R.I.1988), in which this court held that a defendant indicted for murder was not entitled to an instruction on the lesser included offense of manslaughter on which the statute of limitations had run. Having been previously unaware of the issue, defense counsel filed a motion in arrest of judgment under Rule 34 of the Superior Court Rules of Criminal Procedure on the ground that the court was without jurisdiction because the

offenses of second-degree sexual assault were time barred. The trial justice refused to accept the challenge as jurisdictional and denied the motion, holding that defendant had "elected to proceed" without raising the issue at trial. The defendant was given a fifteen-year suspended sentence and fifteen years' probation.

General Laws 1956 (1969 Reenactment) § 12–12–17, as amended by P.L.1974, ch. 118, § 11, as it was in effect in 1980 at the time of the offenses, states:

> "Period of limitations on minor offenses.—No person shall be convicted of any offense, except * * * rape * * * unless indictment be found or an information filed against him therefor *within three (3) years* from the time of committing the same." (Emphasis added.)

Subsequently this section was amended to conform to the sexual-assault statutes enacted in 1979, which define rape as degrees of sexual assault, by striking the word "rape" and replacing it with "first degree sexual assault." General Laws 1956 (1981 Reenactment) § 12–12–17, as amended by P.L.1981, ch. 75, § 1. Not until 1985 did the Legislature exempt second-degree child molestation sexual assault, an offense which did not exist in 1980, from the three-year statute of limitations. P.L.1985, ch. 185, § 1. It is undisputed that defendant was charged with and convicted of second-degree sexual assault more than three years after the offenses occurred, contrary to § 12–12–17 as it then existed.

■■■ Statutes of limitation "are intended to foreclose the potential for *inaccuracy* and *unfairness* that stale evidence and dull memories may occasion in an unduly delayed trial." *United States v. Levine*, 658 F.2d 113, 127 (3d Cir.1981). As such, a statute of limitation does not shield a defendant from prosecution, but merely places permissible time limits on prosecution. *Id.* at 120. For many years the Federal Circuits were divided on the issue of whether a statute of limitations was a jurisdictional bar to prosecution or an affirmative defense. Some Circuit Courts held that it was an affirmative defense that could be waived under certain conditions.

*See United States v. DeTar*, 832 F.2d 1110, 1114 (9th Cir.1987) (waived unless raised); *United States v. Karlin*, 785 F.2d 90, 92–93 (3d Cir.1986) (waived unless raised); *United States v. Meeker*, 701 F.2d 685, 688 (7th Cir.1983) (knowing and voluntary waiver required); *United States v. Walsh*, 700 F.2d 846, 855–56 (2d Cir.1983) (must raise first at trial); *United States v. Williams*, 684 F.2d 296, 299 (4th Cir.1982) (may be waived by request for lesser included offense); *see also Padie v. State*, 594 P.2d 50, 57 (Alaska 1979) (waiver must be knowing and voluntary); *State v. Littlejohn*, 199 Conn. 631, 641, 508 A.2d 1376, 1382 (1986) (waiver must be voluntary and intelligent); *Tucker v. State*, 417 So.2d 1006, 1013 (Fla. Dist. Ct.App.1982) (express waiver required); *People v. Williams*, 79 Ill. App.3d 806, 808, 35 Ill.Dec. 63, 64, 398 N.E.2d 1013, 1014 (1979) (waived by failure to raise); *State v. Cole*, 452 N.W.2d 620, 622 (Iowa 1989) (waived by guilty plea); *State v. Johnson*, 422 N.W.2d 14, 16–17 (Minn.1988) (waived by guilty plea); *State v. Johnson*, 235 N.J.Super. 547, 552, 563 A.2d 851, 853 (1989) (express waiver required). Other circuits held that a statute of limitations was jurisdictional and therefore could be raised at any time, even after trial, and could never be waived. *See, e.g., Waters v. United States*, 328 F.2d 739, 743 (10th Cir.1964); *Chaifetz v. United States*, 288 F.2d 133, 135–36 (D.C.Cir.1960); *Benes v. United States*, 276 F.2d 99, 109 (6th Cir.1960).

Recently, however, these latter three circuits have reassessed their jurisdictional doctrine and fallen in line with those courts holding that a statute of limitations is a waivable affirmative defense. *See United States v. Del Percio*, 870 F.2d 1090, 1093–94 (6th Cir.1989) (voluntary, express agreement to waive held valid); *United States v. Gallup*, 812 F.2d 1271, 1280 (10th Cir.1987) ("[i]t is well settled that the statute of limitations is an affirmative defense which is waived unless raised at trial"); *United States v. Wild*, 551 F.2d 418, 422–23 (D.C. Cir.1977) (statute of limitations is not jurisdictional bar to prosecution and may be effectively waived). We agree that this is the better-reasoned approach and therefore

hold that the statute of limitations is a waivable affirmative defense. We now decide what constitutes a valid waiver.

The majority of circuits presently hold that the defense is waived unless it is raised at or before trial. *See United States v. DeTar*, 832 F.2d at 1114; *United States v. Gallup*, 812 F.2d at 1280; *United States v. Karlin*, 785 F.2d at 92–93; *United States v. Walsh*, 700 F.2d at 855–56; *United States v. Williams*, 684 F.2d at 299–300; *see also People v. Williams*, 79 Ill.App.3d at 808, 35 Ill.Dec. at 64, 398 N.E.2d at 1014; *People v. Lohnes*, 76 Misc.2d 507, 512, 351 N.Y.S.2d 279, 283 (1973). Most of these courts cite *Biddinger v. Commissioner of Police*, 245 U.S. 128, 135, 38 S.Ct. 41, 43, 62 L.Ed. 193, 199 (1917), wherein the Supreme Court stated, "The statute of limitations is a defense and must be asserted on the trial by the defendant in criminal cases."

One case that we find highly persuasive is *United States v. DeTar, supra.* In *DeTar* the defendant alleged that the trial justice had erred by not instructing the jury on the lesser included offense, as requested. 832 F.2d at 1113. At the same time, however, the defendant argued that he had not waived the statute of limitations by his request. *Id.* at 1115. The court rejected this argument, finding that the jury would be misled if it were instructed on an offense of which it could not validly convict the defendant. *Id.* The *DeTar* court noted several jurisdictions that have held that a defendant is not entitled to an instruction on a lesser included offense that is time barred. *See Chaifetz v. United States*, 288 F.2d 133 (D.C.Cir.1960); *People v. Diedrich*, 31 Cal.3d 263, 643 P.2d 971, 182 Cal.Rptr. 354 (1982); *Tucker v. State*, 417 So.2d 1006 (Fla. Dist. Ct.App. 1982); *Holloway v. State*, 362 So.2d 333 (Fla. Dist. Ct.App.1978); *Johnson v. State*, 265 Ind. 470, 355 N.E.2d 240 (1976); *see also State v. Sullivan*, 541 A.2d 450 (R.I. 1988). "There is, however, no reason to deprive a defendant of the benefit of an appropriate lesser included offense instruction if he waives his defense of limitations." *DeTar*, 832 F.2d at 1115. Citing

the Fourth Circuit case of *United States v. Williams, supra,* the *DeTar* court concluded that the defendant's request and receipt of the instruction constituted a valid waiver. This approach "best avoids the alternative evils of misleading the jury or denying a defendant an instruction that he desires and would be entitled to, but for the bar of limitations." *DeTar,* 832 F.2d at 1115.

The court in *DeTar* characterized its doctrine as one of election rather than waiver because the defendant's request rendered the statute-of-limitations defense completely unavailable. *Id.* We agree. Not only did defendant in our present case fail to raise the defense, but his request for an instruction on the lesser included offense made it impossible for the trial justice both to treat the defense as unwaived and to give the instruction. *Accord People v. Lohnes,* 76 Misc.2d 507, 351 N.Y.S.2d 279 (1973) (defendant failed to object to instruction on lesser included offense, benefited from it, therefore could not argue statute of limitations on appeal). We therefore hold that the statute of limitations is an affirmative defense that is waived unless it is raised at or before trial.

For the reasons stated, the defendant's appeal is denied and dismissed, the judgment of conviction is affirmed, and the papers of the case are remanded to the Superior Court.