**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Emmett Donald DOYLE,
Defendant–Appellant.**

No. 91–2056.

United States Court of Appeals,
Fifth Circuit.

Feb. 28, 1992.

Rehearing Denied May 8, 1992.

Michael Louis Minns, Houston, Tex., for defendant-appellant.

Jeffery A. Babcock, Paula C. Offenhauser, Asst. U.S. Attys., Ronald G. Woods, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG, JOLLY, and WIENER, Circuit Judges.

GOLDBERG, Circuit Judge:

Convicted on three counts of felony tax evasion under 26 U.S.C. § 7201, Doyle contends that the district court erred in refusing to instruct the jury on the lesser-included misdemeanor offense of failing to file a tax return, 26 U.S.C. § 7203. Finding merit in Doyle's argument, we vacate the convictions and remand for a new trial.[1]

## BACKGROUND

The facts germane to this appeal are largely undisputed. Doyle, an Irish immigrant, had dutifully paid his taxes since 1967. He joined a tax protest organization in 1983 and thereafter stopped filing a tax return. The indictment in this case charged him with the felony of attempting to evade the payment of income taxes for the calendar years 1983, 1984, and 1985. The government alleged that Doyle failed to file tax returns for those years and that he submitted several W-4 forms[2] to different employers declaring that he was exempt from paying taxes when, in fact, he was not.

Doyle did not deny those facts at trial: he conceded both that he failed to file timely tax returns for those years and that he submitted W-4 forms with inaccurate information. He contended, however, that he did not *willfully* attempt to evade the payment of tax. He claimed that he maintained a good-faith, though incorrect, belief that his income was exempt from withholding, and thus, his submission of the inaccurate W-4 forms did not amount to a willful attempt to evade the payment of tax. His theory of the defense would, of course, subject him to criminal liability for the misdemeanor offense of failing to file a tax return, 26 U.S.C. § 7203, but because the court refused his proffered instruction on that lesser-included offense, the jury could not find him guilty of the misdemeanor offense; it had to return an all or nothing verdict: either guilty on the felony tax evasion counts or not guilty at all. The jury found him guilty.

## DISCUSSION

■ A defendant is entitled to a lesser-included offense instruction when the elements of the lesser offense are a subset of the elements of the charged offense and the evidence would permit the jury to rationally conclude that the defendant was guilty of the lesser offense but not guilty of the charged offense. *United States v. Browner*, 889 F.2d 549, 550-51 (5th Cir. 1989). There must be a disputed issue of fact as to an essential element of the charged offense which is not material to the lesser-included offense. *Sansone v. United States*, 380 U.S. 343, 350-53, 85 S.Ct. 1004, 1009-11, 13 L.Ed.2d 882 (1965).

■ The charged offense in this case, felony tax evasion, 26 U.S.C. § 7201, has three elements: willfulness, the existence of a tax deficiency, and an affirmative act constituting an evasion or attempted evasion of the tax. *Sansone*, 380 U.S. at 351, 85 S.Ct. at 1010; *United States v. Chesson*, 933 F.2d 298, 304 (5th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 583, 116 L.Ed.2d 608 (1991). The elements of the misdemeanor of failing to make a return, 26 U.S.C. § 7203, are willfulness and failure to make a return when due. *Cf. United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir.1987) (under § 7203, elements of misdemeanor offense of failure to *pay tax*

---

1. In light of our decision on the instruction issue, Doyle's Jencks Act and summary chart claims are moot. We find no merit in his sufficiency challenge and in his Paperwork Reduction Act claim. *See United States v. Kerwin*, 945 F.2d 92 (5th Cir.1991).

2. A W-4 form is an Internal Revenue Service form prepared by the taxpayer and submitted to the employer. From the information provided by the taxpayer, the employer determines how much of the taxpayer's income should be withheld for taxes.

are willfulness and failure to pay the tax when due). "It is undisputed that § 7203 [the misdemeanor] defines a lesser included offense of § 7201 [the felony]." *Id.*

The critical difference between the two crimes is that the charged felony offense requires an affirmative act constituting the evasion. That is, felony tax evasion requires willful *commission*, whereas the misdemeanor merely requires willful *omission*. *Spies v. United States*, 317 U.S. 492, 498–99, 63 S.Ct. 364, 367–68, 87 L.Ed. 418 (1943). "Where there is, in a § 7201 [felony] prosecution, a disputed issue of fact as to the existence of the requisite affirmative commission in addition to the § 7203 omission, a defendant would, of course, be entitled to a lesser-included offense charge based on § 7203." *Sansone*, 380 U.S. at 351, 85 S.Ct. at 1010. Although the willful failure to file a tax return is sufficient to sustain a misdemeanor conviction, it is insufficient to sustain the felony conviction absent some other willful, affirmative act of commission constituting an attempt to evade the payment of tax. *United States v. Masat*, 896 F.2d 88, 98 (5th Cir.1990).

In this case, that affirmative act of commission was Doyle's submission of the inaccurate W–4 forms. Combined with Doyle's failure to file tax returns, the submission of the inaccurate W–4 forms would amount to felony tax evasion—assuming that Doyle *willfully* submitted inaccurate W–4 forms. *See United States v. Connor*, 898 F.2d 942, 945 (3d Cir.) ("purposeful failure to file an accurate W–4 form could be viewed by the jury as an affirmative willful act to support the violation of 26 U.S.C. § 7201...."), *cert. denied*, — U.S. —, 110 S.Ct. 3284, 111 L.Ed.2d 793 (1990).

Doyle contends that he did not *willfully* submit inaccurate W–4 forms because he believed, in good-faith, that the information supplied was accurate. His contention thrusts us into the realm of *mens rea*, and in particular, the willfulness elements of both crimes. The element of willfulness, though common to both the felony and the misdemeanor, requires different states of mind. To be convicted of the misdemeanor,

one need only willfully fail to file one's income tax return. The willfulness involved in failing to file a tax return is not enough to support the felony conviction. *Cf. DeTar*, 832 F.2d 1110, 1114 (9th Cir. 1987) ("willfulness involved in failing to pay the tax when due, resources being available, is not enough"). The felony requires "proof of specific intent of the accused to defeat or evade the payment of tax." *United States v. Williams*, 928 F.2d 145, 147 (5th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 58, 116 L.Ed.2d 34 (1991). Thus, "[w]illful but passive neglect of the statutory duty may constitute the lesser offense," but to elevate the crime to felony tax evasion, the government must prove "a willful and positive attempt to evade tax...." *Spies*, 317 U.S. at 498–99, 63 S.Ct. at 367–68.

In *Cheek v. United States* the Supreme Court recently explained that:

Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty.... [I]f the Government proves actual knowledge of the pertinent legal duty, the prosecution, without more, has satisfied the knowledge component of the willfulness requirement. But carrying this burden requires negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws. This is so because one cannot be aware that the law imposes a duty upon him and yet be ignorant of it, misunderstand the law, or believe that the duty does not exist. In the end, the issue is whether, based on all the evidence, the Government has proved that the defendant was aware of the duty at issue, which cannot be true if the jury credits a good-faith misunderstanding and belief submission, whether or not the claimed belief or misunderstanding is objectively reasonable.

— U.S. ——, 111 S.Ct. 604, 610–11, 112 L.Ed.2d 617 (1991). *Cheek* teaches that a good-faith misunderstanding of the law is a valid defense to a felony tax evasion charge. Doyle tendered such a defense: he claimed that he did not willfully falsify the W–4 forms—that he believed in good-faith, albeit incorrectly, that his income was exempt from withholding. That defense, if credited by the jury, would have exculpated Doyle from the felony charge: "[I]f [the defendant] asserted that he truly believed that the Internal Revenue Code did not purport to treat wages as income, and the jury believed him, the Government would not have carried its burden to prove willfulness, however unreasonable a court might deem such belief." *Id.* at 611. That defense, however, would not have excused his failure to file a tax return, a misdemeanor under § 7203.

■ The jury in this case could have rationally concluded that Doyle did not willfully commit the affirmative act constituting the felony evasion (or attempted evasion) of taxes—filing the inaccurate W–4 forms—and at the same time have concluded that Doyle willfully failed to file a tax return in violation of the misdemeanor statute.[3] There was, therefore, a disputed factual element of the charged offense (i.e., whether Doyle willfully filed the inaccurate W–4 forms) that was not essential to finding Doyle guilty of the lesser-included, misdemeanor offense of failure to file a tax return. Accordingly, Doyle was entitled to the lesser-included offense instruction he requested. *See DeTar*, 832 F.2d at 1114 (reversible error not to instruct on lesser-included offense where "a rational jury could have found a lack of intent or motive necessary to convict of evasion, while still finding a willful failure to pay taxes when due" necessary to convict of the misdemeanor); *cf. Sansone*, 380 U.S. at 350, 85 S.Ct. at 1009 (defendant not entitled to

lesser-included offense instruction because the disputed factual element was essential to finding the defendant guilty of both the felony and misdemeanor offense).

The convictions are VACATED and the case is REMANDED to the district court for a new trial.

---

**3.** In other words, a rational jury could have acquitted Doyle of the felony, yet convicted him of the misdemeanor. This distinguishes the facts of this case from *Sansone* in which "the jury could not rationally find lack of willfulness required for the felony, without necessarily also finding a lack of willfulness required for the misdemeanor." *DeTar*, 832 F.2d at 1114 n. 4

(distinguishing *Sansone*). In *Sansone*, the defendant allegedly filed a *false* tax return and defended on the ground that he did not do so willfully. Accepting that defense would have warranted a not guilty verdict on both the felony and misdemeanor, and thus, no lesser-included offense instruction was necessary. *Id.*