**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 14 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRAD CHARLES FISHER,

Defendant - Appellant.

No. 13-30363

D.C. No. 6:12-cr-00017-CCL-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, Senior District Judge, Presiding

Argued and Submitted February 5, 2015
Seattle Washington

Before: FISHER, BEA and MURGUIA, Circuit Judges.

Brad Fisher appeals his conviction for tax evasion under § 7201 of the

Internal Revenue Code, 26 U.S.C. § 7201. We have jurisdiction under 28 U.S.C.

§ 1291, and we vacate and remand.

Fisher raises a single issue on appeal, arguing the district court abused its

discretion by denying his request to instruct the jury on willful failure to pay taxes

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

under 26 U.S.C. § 7203 as a lesser included offense. "We review a district court's refusal to instruct on a lesser included offense using a two part test." *United States v. Hernandez*, 476 F.3d 791, 797 (9th Cir. 2007). "First, 'the defendant must prove that the offense on which instruction is sought is a lesser-included offense of that charged.'" *Id.* (quoting *United States v. Fejes*, 232 F.3d 696, 703 (9th Cir. 2000)). "This is reviewed de novo." *Id.* It is undisputed that § 7203 is a lesser included offense of § 7201. "Second, to warrant a lesser included offense instruction 'the evidence at trial must be such that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater.'" *Id.* at 798 (quoting *Schmuck v. United States*, 489 U.S. 705, 716 n.8 (1989)). "We review this step of the inquiry for abuse of discretion." *Id.*

1.      We hold that the district court abused its discretion by failing to give the lesser included offense instruction. Relying on *Sansone v. United States*, 380 U.S. 343 (1965), the court concluded that a § 7203 instruction was not required, because: (1) the only element of § 7201 that was in dispute was willfulness; (2) the

2

willfulness required for §§ 7201 and 7203 were the same; and, thus, (3) a rational jury could not convict on § 7203 without also convicting on § 7201.[1]

That, however, is precisely the reasoning we rejected in *United States v. DeTar*, 832 F.2d 1110, 1113-14 (9th Cir. 1987). There we held that, for a conviction under § 7201, "there must be 'proof of willfulness in the sense of a specific intent to evade or defeat the tax or its payment.'" *Id.* at 1114 (quoting *Edwards v. United States*, 375 F.2d 862, 867 (9th Cir. 1967)). Because § 7203, by contrast, requires only a knowing failure to pay a tax when due, *DeTar* held that it *is* possible for a rational jury to find both willfulness under § 7203 and the absence of willfulness under § 7201:

> a jury could find DeTar guilty of willful failure to pay because he had filed returns indicating a tax due [and] had not paid .... Such a finding would not have been logically inconsistent with a finding that DeTar lacked the specific intent to evade when he engaged in the additional conduct alleged by the government as a felony violation – conduct such as placing assets in trust and receiving only cash payments from patients.

*Id.* at 1114 n.4.

---

[1] "The elements of attempted income tax evasion under 26 U.S.C. § 7201 are: (1) willfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax." *United States v. Kayser*, 488 F.3d 1070, 1073 (9th Cir. 2007). A failure-to-pay charge under § 7203 has two elements: "(1) willfulness and (2) failure to pay the tax when due." *United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir. 1987) (citing *Sansone*, 380 U.S. at 351).

2.      We reject the government's argument that a § 7203 instruction was properly refused because no reasonable jury could have acquitted Fisher on the § 7201 charge while convicting him on the § 7203 charge.  In determining whether to give a lesser included offense instruction, we "may not weigh the evidence." *Hernandez*, 476 F.3d at 800.  Here, a rational jury could have found that Fisher knowingly and intentionally failed to pay his taxes when due (as required to violate § 7203) but nonetheless lacked the specific intent to evade those taxes (as required by § 7201).  A rational jury also could have found that, although Fisher intended to *delay* payment, he did not intend to evade his tax obligations *permanently*.  *See Edwards*, 375 F.2d at 867.

3.      Finally, we reject the government's argument that the error was harmless.  The jury was instructed on tax evasion under § 7201 and on the lesser included offense of willfully delivering a false statement to the Internal Revenue Service under § 7207.  Both §§ 7201 and 7207 require an affirmative act in addition to the nonpayment of taxes.  Without an instruction under § 7203, the jury did not learn that willful nonpayment of taxes alone is a crime.  If the jury did not believe that Fisher engaged in any affirmative act (beyond mere nonpayment of taxes) in violation of a known duty, but still was reluctant to allow him to get away with ignoring his substantial tax liability, its guilty verdict may have been a

4

compromise.  This is sufficient prejudice to require reversal.  *See Hernandez*, 476

F.3d at 801-02.[2]

**VACATED AND REMANDED.**

---

[2] The government's argument that *DeTar*'s willfulness standard conflicts with *United States v. Bishop*, 412 U.S. 346, 360 (1973), *United States v. Pomponio*, 429 U.S. 10, 12 (1976) (per curiam), and *Cheek v. United States*, 498 U.S. 192, 201 (1991), is without merit.  Those cases define willfulness as a voluntary, *intentional* violation of a known legal duty.  *See Cheek*, 498 U.S. at 201. The legal duty at issue here is the duty not to attempt to evade taxes.  Under *Cheek*, therefore, willfulness under § 7201 requires a specific intent to evade taxes, as *DeTar* holds.