**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Harold C. TROWNSELL, Defendant-Appellant.**

**No. 15474.**

United States Court of Appeals Seventh Circuit.

Sept. 23, 1966.

Rehearing Denied Oct. 20, 1966.

Francis J. Kennedy, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Lawrence Jay Weiner, Thomas J. Curoe, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and CASTLE, Circuit Judges.

PER CURIAM.

Following a plea of not guilty and a bench trial, defendant Harold Trownsell was convicted on all counts of a three-count indictment charging violations of Title 26, U.S.C.A. § 7201.[1] He was sentenced to a term of five years and appeals from the judgment of conviction and sentence.

---

1. "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution." 26 U.S.C.A. § 7201.

He was charged with willfully and knowingly attempting to evade and defeat the payment of federal income taxes by concealing and attempting to conceal his assets and those of two corporations in which he was a principal shareholder.

On January 20, 1960, the Tax Court of the United States entered a decision, based on written stipulations, that defendant and the two corporations were each deficient in income taxes and additions to tax for the years 1946–1953. Defendant owed $650,314.63 and the two corporations together owed $469,542.19.

Efforts to collect the taxes were unsuccessful. Minimal offers in compromise dated January 25, 1961, signed by defendant and received by the Internal Revenue Service on March 31, 1961, were rejected.

During the period of efforts to compromise, on February 2, 1961, after defendant had liquidated his personal assets and those of his two corporations and realized therefrom the sum of $540,511.31, defendant caused this sum of money to be deposited in a bank in Switzerland, thus placing it beyond the reach of the Government.

Defendant, who had a record of a prior conviction for income tax evasion, did not testify at his trial and made no explanation of the transfer in question.

The trial court found this transfer of assets to the Swiss Bank, following the Government's unsuccessful efforts to collect and during the period of compromise negotiations, to constitute concealment or an attempt to conceal, as charged in the indictment, thereby violating the proscription set out in the statute.

■ Contrary to defendant's contention on appeal, we hold that the statute of limitations had not run before the indictment was returned. The indictment was returned on April 16, 1964. It charged a

violation of 26 U.S.C.A. § 7201 based on defendant's conduct ending on February 2, 1961. 26 U.S.C.A. § 6531(2) [2] fixes the period of limitations at six years.

 Contrary to defendant's further contention on appeal, in viewing the evidence in the light most favorable to the Government, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), we hold that there is sufficient evidence in the record to support the judgment of conviction on all counts and that the trial court did not err in so holding.

The judgment of conviction on each count is affirmed.

Affirmed.

---

2. "No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years—

\* \* \* \* \*
"(2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof;
\* \* \*." 26 U.S.C.A. § 6531.