52 F.3d 329
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur W. ROSS, Sr., Defendant-Appellant.
 No. 93-1010.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 4, 1995.*
Decided April 13, 1995.
 
 IN PART, VACATED IN PART, REMANDED.
 Before POSNER, FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Arthur Ross did not file federal income returns with the Internal Revenue Service ("IRS") or pay income taxes on income earned from 1982 to 1987. In addition, he committed other affirmative acts of tax evasion during this period. He was subsequently convicted of six counts of tax evasion, one count for each of the six years, in violation of 26 U.S.C. Sec. 7201. On appeal, Ross raises numerous issues challenging both his conviction and sentence. We affirm his conviction but vacate the order of restitution imposed by the district court and remand for resentencing.
 
 Jurisdiction
 
 2
 Ross, who was born in Colorado, raises a standard tax protestor argument, claiming that he is a citizen of the sovereign state of Indiana and that Indiana is not a part of the United States. Therefore, he argues, the federal district court was without subject matter jurisdiction to try him on tax evasion charges because he is not a citizen of the United States and because the alleged offenses were not committed within its territory. We have held before that this belief is "simply wrong" and reject his argument without further discussion. United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir.1993).[1]
 
 
 3
 Furthermore, Ross contends that the district court was without subject matter jurisdiction because there were no regulations issued to implement the criminal statute under which he was convicted and because the Department of the Treasury failed to properly delegate authority to the Commissioner of the Internal Revenue Service. Ross reasons that the court does not have authority to prosecute him because 26 U.S.C. Sec. 7201 does not appear in a parallel table of authorities in the Code of Federal Regulations. These claims are equally frivolous. Section 3231 of Title 18 of the United States Code vests in the district courts original jurisdiction over all offenses against the laws of the United States including the tax offenses enumerated in sections 7201 through 7210 of Title 26. United States v. Koliboski, 732 F.2d 1328, 1329 (1984). Enabling legislation is unnecessary to enforce these statutes.
 
 
 4
 Ross also contends that the court lacked personal jurisdiction over him because he was an alien and did not appear voluntarily in federal court. We have already dispensed with the argument that Ross's residency in Indiana makes him an alien resident of the United States. Moreover, Ross was amenable to process and was properly served a summons following the indictment. See Fed.R.Crim.P. 4(d)(2), 9; see also United States v. De Ortiz, 910 F.2d 376, 381-82 (7th Cir.1990). Although Ross asserts that his rights were violated when the magistrate judge entered a plea of not guilty on his behalf after he refused to plead, this procedure is mandated by Federal Rule of Criminal Procedure 11(a)(1).
 
 Amended Indictment
 
 5
 Next, Ross contends that the district court erred when it failed to require the government to obtain the grand jury foreman's signature on an amended version of the indictment. During voir dire, two errors were discovered in the indictment. First, language in Count 3 was omitted so that it read as follows:
 
 
 6
 2. That during calendar year 1984, Arthur W. Ross, Sr., the Defendant herein, a resident of Ferdinand, Indiana, had and received taxable income in the approximate sum of $25,941.81; that upon said taxable income there was owing to the United States of America an income tax of approximately $5,889.79; that well-knowing and believing the foregoing facts, Arthur W. Ross, Sr., on or about the 15th day of April, 1985, in the Southern [omitted language] America for the said calendar year by failing to make an income tax return on or before April 15, 1985, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service said income tax, and by committing one or more affirmative acts of willfulness in violation of Title 26, United States Code, Section 7201.
 
 
 7
 The omitted language stated "District of Indiana, did willfully attempt to evade and defeat the said income tax due and owing by him to the United States of ..."
 
 
 8
 Ordinarily, an amendment or a variance will be permitted without presentation to a grand jury if it does not change an essential or material element of the charge so as to cause prejudice to the defendant. United States v. Cina, 699 F.2d 853, 857 (7th Cir.), cert. denied, 464 U.S. 991 (1983). For example, the trial court has the authority to amend when nothing is added to the indictment, the remaining allegations state the essential elements of the offense, or when mere surplusage is eliminated. United States v. McNeese, 901 F.2d 585, 603 (7th Cir.1990).
 
 
 9
 Here, the original indictment informed Ross of the amount of taxes he allegedly owed for the 1984 calendar year, and that he was charged with failure to file an income tax return, failure to pay the income tax, and one or more acts of willfulness in violation of Sec. 7201. Although at first the omitted language serves to confuse the reader, there is no doubt that Ross should have been aware of the elements of the charge against him and that the charge was tax evasion. Not only was the specific statute mentioned, but the remaining five counts included the omitted language in Count 3 and were otherwise identical to that count. Moreover, the government's claim that the omitted language in Count 3 was already covered by an introductory paragraph of the indictment which was incorporated by reference into Count 3 is fully substantiated by the record. Given these facts in addition to Ross's admission to the trial court that he realized the error "some time ago," (Trial Tr. at 250), and his failure to allege any prejudice from the error, we find that the district court did not err in amending the indictment.[2]
 
 
 10
 The amendment of Count 4 consisted of removing two lines which were repetitive of the two previous lines. The elimination of such surplusage was not erroneous.
 
 Statute of Limitations
 
 11
 Ross also asserts that Counts 1 through 3 should have been dismissed because they were time barred by the six year statute of limitations for tax evasion. See 26 U.S.C. Sec. 6531. The indictment was filed October 30, 1991. Each of the six counts of the indictment charged Ross with the failure to file a tax return or pay his income taxes by April 15 of a specific year from 1983 through 1988 along with other affirmative acts of evasion.
 
 
 12
 The government argues that the limitations period begins to run with the last affirmative act of evasion in furtherance of the crime and therefore concludes that because the last affirmative act of evasion occurred on April 15, 1988 or later, all six counts are within the statute of limitations. Although we concur with the government's statement of the law, we disagree with the manner in which it applied the law to the facts of this case.
 
 
 13
 First, we note that the government's reliance on United States v. Dandy as the law of this circuit is incorrect. Dandy is a Sixth Circuit case. 998 F.2d 1344 (6th Cir.1993), cert. denied, 114 S.Ct. 1188 (1994). However, in United States v. Trownsell, 367 F.2d 815 (7th Cir.1966) (per curiam), we also held that the statute of limitations runs from the last affirmative act of tax evasion charged. See also United States v. Winfield, 960 F.2d 970, 974 (11th Cir.1992); United States v. DeTar, 832 F.2d 1110, 1113 (9th Cir.1987); United States v. Ferris, 807 F.2d 269, 271 (1st Cir.1986), cert. denied, 480 U.S. 950 (1987). In Trownsell, the defendant incurred an income tax deficiency for the years 1946 through 1953 but was first indicted with tax evasion in 1964. 367 F.2d at 816. In addition to the defendant's failure to pay his taxes for those years, the indictment also charged him with liquidating all of his assets in 1961 and depositing the money into a Swiss bank account so that the funds were beyond the reach of the United States government. Id. We held that such conduct constituted tax evasion. Because the indictment charged the defendant with conduct in violation of 26 U.S.C. Sec. 7201 ending in February 1961, the statute of limitations had not run. Id.
 
 
 14
 The government errs, however when it suggests that the failure to file a tax return and pay taxes on April 15, 1988 constitutes an affirmative act relating to the charges in Counts 1 through 3 for the failure to file a tax return and pay taxes in the years 1983 through 1985, such that those first three charges are brought within the statute of limitations. In fact, each of the six counts constitutes a separate offense.
 
 
 15
 In United States v. Smith, a three count indictment was returned against the defendant, each count alleging income tax evasion for the years 1951 through 1953, respectively. 335 F.2d 898, 900 (7th Cir.1964), cert. denied, 379 U.S. 989 (1965). This court stated that "the three counts might be said to pertain to a 'continuing course of illegal conduct,' in the sense that the intention was to avoid taxes so long as payoffs continued, but in a criminal tax evasion case each year stands alone, and the failure to pay taxes in each of the years involved constitutes a separate offense." Id. at 900-01.
 
 
 16
 Nonetheless, the first three counts of the indictment are not barred by the statute of limitations. Incorporated into each of the six counts of the indictment is paragraph 12 which charged that "[b]etween 1981 and 1988, Arthur W. Ross, Sr. instructed various persons or entities, including Thermwood [Ross's former employer] and his former tax return preparer, to ignore any records summonses from the Internal Revenue Service regarding Arthur W. Ross, Sr." Such behavior is of the same kind cited in Trownswell and constitutes tax evasion under 26 U.S.C. Sec. 7201. Therefore, because the indictment charges Ross with attempts to conceal his conduct charged in Counts 1 through 3 through 1988, we hold that the statute of limitations had not run on these counts before the indictment was returned.
 
 Double Jeopardy
 
 17
 At trial, the government entered into evidence documentation of a levy imposed on Ross's wages, salary and income in April 1986 in the amount of $531.05 as a result of Ross's submission of a false W-4 form to his employer and the IRS. (Exhibit 27). This amount included the income taxes owed by Ross, interest and a late payment penalty. Ross claims that because he has already paid a civil fine for the submission of a false W-4 form, the criminal prosecution for tax evasion constitutes double jeopardy.
 
 
 18
 The double jeopardy clause of the Fifth Amendment provides that no person shall be prosecuted twice for the same offense. United States v. Thornton, 972 F.2d 764, 765 (7th Cir.1992). Assuming arguendo that the imposition of a late payment penalty constitutes a "prosecution" for double jeopardy purposes, Ross's argument still fails for we have previously held that the failure to file a tax return and the filing of a false W-4 form are separate and distinct offenses from the felony of tax evasion and a conviction for all three does not constitute double jeopardy. United States v. Davenport, 824 F.2d 1511, 1519 (7th Cir.1987); United States v. Foster, 789 F.2d 457, 459-61 (7th Cir.), cert. denied, 479 U.S. 883 (1986).
 
 Trial and Evidentiary Issues
 
 19
 Ross alleges that an IRS agent intimidated certain defense witnesses by contacting them on the eve of trial. Merely speaking with a witness, however, does not constitute intimidation. Because we find nothing in the record to substantiate Ross's claim, relief is not warranted on this issue. See United States v. Wilson, 715 F.2d 1164, 1170 (7th Cir.1983) (bare allegations of prosecutorial misconduct based on the intimidation of witnesses were insufficient to warrant an evidentiary hearing).
 
 
 20
 Next, Ross contests the admission of evidence at trial obtained by the government through summonses pursuant to 26 U.S.C. Sec. 7602. He reasons that Sec. 7602 is paired with regulations in the "CFR Table I" which pertain to the Bureau of Alcohol, Tobacco, & Firearms. Because he is not charged with a crime relating to alcohol, tobacco, or firearms, he argues that any evidence obtained with these summonses should not have been admitted. Ross's claim is wholly without merit. Section 7602 "authorizes the IRS to issue administrative summonses involving both the civil and criminal elements of the tax laws." United States v. Becker, 965 F.2d 383, 390 (7th Cir.1992).
 
 
 21
 We also reject Ross's contention that the trial court deprived him of compulsory process when it denied his motion for issuance of several subpoenas pursuant to Federal Rule of Criminal Procedure 17(b). Rule 17(b) requires the court to subpoena witnesses for indigent defendants when the "presence of the witness[es] is necessary to an adequate defense." The subpoenas named the Secretary of the Treasury, the Commissioner of the IRS and two other IRS employees. Ross claims that these witnesses were necessary to explain the government's authority to prosecute him for tax evasion and to collect evidence on his activities. We have already held that the court had subject matter jurisdiction and personal jurisdiction over Ross and have rejected his claim that the government's evidence was collected without proper authority. Similarly, we find no error in the district court's withdrawal of one of Ross's exhibits consisting of excerpts from the Code of Regulations and which was offered to suggest that the court had no jurisdiction over the case.
 
 Ineffective Assistance of Standby Counsel
 
 22
 Next, Ross contends that he requested assistance of counsel on two occasions but that standby counsel was appointed. Furthermore, standby counsel failed to advise him of certain procedures to contest the jury's verdict and offered so little advice "as to make a mockery of the trial."
 
 
 23
 Initially, we note that the district court did appoint counsel for Ross at the initial appearance in December 1991 even though Ross intimated that he would like to represent himself.[3] The court stated that Ross and his attorney would need to determine when Ross would present his case and when the attorney would represent him. In July 1992, however, the docket sheet indicates that the appointed attorney's motion to withdraw was granted and a different attorney was appointed as standby counsel. Ross does not dispute the court's grant of the motion to withdraw or deny that he wanted to represent himself.
 
 
 24
 Ordinarily, a defendant who chooses to represent himself cannot later claim ineffective assistance of counsel. United States v. Chapman, 954 F.2d 1352, 1363 (7th Cir.1992); United States v. Troxell, 887 F.2d 830, 836 (7th Cir.1989). Moreover, Ross does not direct our attention to anything in the record that would support his allegations of alleged misconduct or demonstrate how standby counsel's performance fell outside the wide range of professionally competent assistance. Strickland v. Washington, 466 U.S. 668, 689 (1984). Thus, this argument also fails.
 
 Sentencing
 
 25
 Finally, Ross contests the sentence imposed by the district court on two grounds. First, he contends that the district court abused its discretion in imposing a restriction on his right to bear firearms in violation of the Second Amendment. This argument is without merit. Although the district court did not specifically impose such a restriction, it is a standard condition of supervised release that a defendant may not possess a firearm or destructive device. Moreover, the possession of a firearm by a convicted felon is a criminal offense pursuant to 18 U.S.C. Sec. 922(g). The Fifth Circuit cases which Ross cites are not analogous in that the defendant in United States v. Voda, 994 F.2d 149 (5th Cir.1993), was convicted of a misdemeanor rather than a felony, and the issue raised in United States v. Stafford, 983 F.2d 25, 28 (5th Cir.1993), dealt with the imposition of discretionary conditions of probation.
 
 
 26
 Next, Ross argues that the court levied a fine against him for $2700.00 after it concluded that he could not afford to pay a fine and that it abused its discretion by ordering restitution. Because Ross did not raise these arguments before the sentencing court, they are waived and will be reviewed for plain error only. United States v. Soto, No. 93-4036, slip op. at 13 (7th Cir. Feb. 6, 1995). The plain error doctrine should be applied only when a miscarriage of justice would otherwise result; that is, when the error affects the fairness and integrity of the judicial proceedings. United States v. Stevenson, 6 F.3d 1262, 1267-68 (7th Cir.1993).
 
 
 27
 The district court did not impose a fine upon Ross. Rather, Ross was ordered to make restitution to the IRS in the amount of $35,753.00 and to pay for the costs of prosecution in the amount of $2,086.20.[4] Section 7201 of Title 26 expressly states that a person convicted for tax evasion shall pay the costs of prosecution. The sentencing court has no discretion in this matter. United States v. Jungels, 910 F.2d 1501, 1503-04 (7th Cir.1990).
 
 
 28
 We must vacate the order of restitution, however, because the district court abused its discretion in imposing restitution but not a fine without explaining the inconsistency of these decisions. The Sentencing Guidelines mandate the imposition of a fine in all cases except where the defendant establishes that he is unable to pay a fine. U.S.S.G. Sec. 5E1.2. Pursuant to statute and the Sentencing Guidelines, the court, in determining whether to order restitution, must consider the financial resources of the defendant and the financial needs and earning ability of the defendant and the defendant's dependents as well as other appropriate factors. 18 U.S.C. Secs. 3563(b)(3), 3664(a); U.S.S.G. Sec. 5E1.1.
 
 
 29
 Here, the district court made a factual finding that Ross was unable to pay a fine.[5] This conclusion is inconsistent with the implied finding that Ross can make restitution to the IRS. United States v. Ahmad, 2 F.3d 245, 248 (7th Cir.1993). In United States v. Berman, 21 F.3d 753, 759 (7th Cir.1994), we stated that "when a district judge orders restitution while withholding a fine on the ground of the defendant's inability to pay, and fails to explain his action, the case must be remanded for an explanation." See also United States v. Murphy, 28 F.3d 38, 42 (7th Cir.1994).
 
 
 30
 Accordingly, we AFFIRM Ross's conviction but VACATE the order of restitution and REMAND the case to the district court for resentencing.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that either of the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). The Defendant-Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied, and the appeal is submitted on the briefs and the record
 
 
 [1]
 Ross raises similar jurisdictional challenges to the jury instructinos. He argues that the instructions did not properly define the "United States." In his view, the United States includes the District of Columbia and the federal enclaves, territories and possessions only but does not encompass the 50 states. He also contends that the instructions wrongly declared that he had a legal duty to pay an income tax. Ross's arguments have been raised before and rejected. The tax code imposes a "direct nonapportioned [income] tax upon United States citizens throughout the nation, not just in federal enclaves." United States v. Sloan, 939 F.2d 499, 501 (7th Cir.1991) (quoting United States v. Collins, 920 F.2d 619, 629 (10th Cir.1990)), cert. denied, 502 U.S. 1060 (1992). Moreover, the federal income tax is not voluntary and must be paid by all individuals on their wages. Id
 
 
 [2]
 In its appellate brief, the government states that an affidavit from the Assistant U.S. Attorney who presented the case to the grand jury accompanied the motion to amend the indictment. Apparently, the affidavit explained that the errors were the result of computer printer error and that "[w]hen the government sought the indictment from the federal grand jury against the defendant all material elements on each of the six counts were presented to the grand jurors for their consideration." We could not find a copy of that affidavit in the record
 
 
 [3]
 Apparently, Ross literally wanted only "assistance" of counsel. In response to the district court's decision to appoint an attorney, Ross replies, "The Sixth Amendment of the Constitution says, assistance of counsel. I don't want to be represented by counsel." (Tr. of Initial Appearance at 10)
 
 
 [4]
 Although the Judgment Order states that Ross should pay a fine of $2,086.20, the Judgment Order is a preprinted form with no special section to indicate that the defendant must pay costs. Moreover, both the trial record and the Judgment Order explicitly note that the money owed by Ross is for the costs of prosecution of Counts 1 through 6 and is not a fine. (Trial Tr. at 558; R. 70)
 
 
 [5]
 Specifically, the district court stated, after imposing restitution, that it was "making no additional payment for a fine since I dont' think he has the ability to do so at this time.' (Trial Tr. at 558)