**In re John E. GDOWIK, Debtor.**

**John E. Gdowik, Appellant,**

**v.**

**United States of America, Appellee.**

**No. 96–7038–Civ.**

United States District Court,
S.D. Florida,
Miami Division.

Nov. 6, 1997.

John Edwin Gdowik, Hollywood, FL, pro se.

Marika Lancaster, Trial Attorney, Tax Division, Washington, DC, for United States.

*ORDER AFFIRMING FINAL ORDER OF BANKRUPTCY COURT*

MIDDLEBROOKS, District Judge.

The Appellant, John Gdowik, appeal two bankruptcy orders: the July 18, 1996, Order Granting Relief from the Automatic Stay to the United States of America, Internal Revenue Service, and the Bankruptcy Court's Order Denying Confirmation of Chapter 13 Plan and Dismissing Case, entered on July 23, 1996. This Court held oral argument on the merits on November 6, 1997.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 17, 1996, Mr. Gdowik filed a petition to commence a Chapter 13 proceeding in the United States Bankruptcy Court for the Southern District of Florida. (Debtor's Voluntary Petition). The United States of America filed a motion on July 1, 1996, to dismiss the appellant's Chapter 13 case with prejudice or, in the alternative, for relief from the automatic stay, on the basis that appellant had not filed his Chapter 13 petition in good faith. The United States based its request to dismiss the case, *inter alia*, on the bases that: 1) the Chapter 13 case was filed as a retaliatory action and solely in response to the seizure of the professional building by the I.R.S.; 2) Mr. Gdowik had

not filed his Federal income taxes in disregard of a previous order by the bankruptcy court; and 3) the bankruptcy court had already denied Mr. Gdowik's motion to convert his previous Chapter 11 bankruptcy to a Chapter 13 case and had also dismissed the Chapter 11 case with prejudice for a period of six months starting on August 10, 1995. The government based its alternative request for relief from the automatic stay on the basis that: 1) the United States is a secured creditor of Mr. Gdowik pursuant to its filed proof of claim in the amount of $42,933 .22, and 2) the Federal tax liens from the assessment of appellant's Federal tax liabilities are, as a matter of law, secured by all property and rights to property of the debtor-appellant. (Brief for the United States of America).

In its Order Granting Relief from the Automatic Stay to the United States of America, Internal Revenue Service, on July 18, 1997, the bankruptcy court made numerous factual findings regarding appellant's failure to comply with the bankruptcy court's order regarding compliance in his Chapter 11 case and the probable retaliatory nature of his Chapter 13 filing. In its Order Denying Confirmation of Chapter 13 Plan and Dismissing Case, filed on July 23, 1997, the bankruptcy court found as a matter of fact that, with the exception of appearing at the Section 341 meeting of creditors conducted by the Chapter 13 Trustee on June 27, 1997, the debtor-appellant did not participate or otherwise cooperate with the Chapter 13 Trustee or procedure, including failing to provide any necessary information or records pursuant to Chapter 13. This appeal followed.

## ISSUES ON APPEAL

Appellant presents five (5) issues on appeal in the Appellant's Initial Brief, filed on September 30, 1996. He claims that: 1) the use of his name JOHN E. GDOWIK is an "illegal misnomer" and use of said name violates the right to his lawful status; 2) the bankruptcy judge, Judge Raymond B. Ray, erred in not dismissing himself for bias towards debtor-appellant; 3) the bankruptcy court erred in not awarding a trial by jury; 4) the bankruptcy court had no proper jurisdiction over the matter and thus the relief of stay was in error; and 5) as a result of being denied his rights based on the above allegations, he claims damages in the amount of $140,385.86.

## DISCUSSION

 As a preliminary matter, the Court agrees with Appellee that Mr. Gdowik's appeal of the bankruptcy order granting relief from the automatic stay should be dismissed as moot by virtue of the dismissal of his Chapter 13 case. The automatic stay imposed by the Bankruptcy Code, 11 U.S.C. § 362(c)(2)(B), expires upon dismissal of a case. The bankruptcy court did not enter a stay of its Order Denying Confirmation of Chapter 13 Plan and Dismissing Case for the purposes of appeal and thus Mr. Gdowik's case was dismissed at that time. The standard for determining mootness is whether the Court can fashion effective relief in the event that the Appellant prevails on appeal. *In re Seidler*, 44 F.3d 945, 947 (11th Cir. 1995); *Miami Center Ltd. Partnership v. Bank of N.Y.*, 838 F.2d 1547 (11th Cir.1988). Under the standard set forth by the Eleventh Circuit Court of Appeals, Gdowik's request for relief is futile. The remedy Gdowik is seeking on appeal includes reversing the relief from the automatic stay; in other words, presumably a reinstatement of the automatic stay during bankruptcy. However, even if Gdowik were successful in convincing this Court that the bankruptcy court abused its discretion in entering its Order, which this Court does not find he can from the record before it,[1] this Court cannot reinstate a stay in a case that has been dismissed, nor has it been presented with any

1. Even if it were not moot, this Court finds that as a matter of law Appellant's arguments contesting his Federal tax liabilities do not adequately rebut the evidence presented by the government as to the validity and amount of the Government's proof of claim for Federal tax delinquencies. Combined with Appellant's failure to provide for the payment of his Federal tax liabilities in his proposed Chapter 13 plan, this Court finds that appropriate cause was shown for the bankruptcy judge to grant the creditor United States relief from the automatic stay, and affirms said decision.

viable way to recover any funds disbursed to the United States as a creditor pursuant to its administrative rights and remedies. Accordingly, his appeal of the Order Granting Relief of the Automatic Stay is moot.

The only issue remaining thus concerns Appellant Gdowik's appeal of the bankruptcy court's Order of July 23, 1996, Denying Confirmation of Chapter 13 Plan and Dismissing the Chapter 13 Bankruptcy Case for Cause. Appellant Gdowik presents multiple arguments in support of his case. His first challenge relates to the appearance of his name in capitals in bankruptcy cases as an "illegal misnomer." This Court finds as a matter of law that this argument does not present a legal basis upon which to challenge the bankruptcy court's ruling. Appellant's second argument concerns the alleged bias of the bankruptcy judge and his attendant required recusal. These allegations are supported only by the Affidavit of Appellant, which seems to allege as grounds for recusal that Judge Ray and all other bankruptcy judges are, biased because they are, alternatively, agents of INTERPOL or paid by the International Monetary Fund. Having considered the Affidavit and examined the record, the Court finds such allegations meritless. If Appellant Gdowik is contending that he is not required to pay taxes due to the allegedly illegitimate nature of the I.R.S. and that Judge Ray's refusal to consider these arguments evinces bias, it is well within the bankruptcy judge's discretion to disregard such arguments, as they have been consistently rejected by the courts. *See, e.g., Biermann v. Commissioner,* 769 F.2d 707 (11th Cir. 1985), *cert. denied,* 479 U.S. 1035, 107 S.Ct. 887, 93 L.Ed.2d 840 (1987); *Stoecklin v. C.I.R.,* 865 F.2d 1221 (11th Cir.1989). His third argument, claiming that the denial of a trial by jury is a basis for reversing the dismissal of his case, finds no basis in the law. His fourth argument concerning the lack of jurisdiction of the bankruptcy court is based upon the allegation that the United States Attorney, by the Special Assistant United States Attorney representing the Government, is not duly authorized to pursue a collection action against him. As a matter of law, the Court finds this argument meritless. Finally, Appellant seeks damages, which are not appropriate in this appeal.

The bankruptcy court dismissed Gdowik's Chapter 13 case for cause and has the power to do so pursuant to Section 1307(c) of the Bankruptcy Code, 11 U.S.C. § 1307(c). The findings of fact made by the bankruptcy judge below document extensively the lack of cooperation in the Chapter 13 process as well as the retaliatory nature of the Chapter 13 filing. Under the circumstances, dismissal of the Chapter 13 case for cause was entirely appropriate.

## CONCLUSION

Based upon an independent review of the briefs, the record, relevant documents, arguments, and applicable law, it is hereby ORDERED AND ADJUDGED as follows:

1. Appellant's appeal of the Bankruptcy Court's Order Granting Relief from the Automatic Stay to the United States of America, Internal Revenue Service, is hereby DISMISSED WITH PREJUDICE as Moot;

2. The Bankruptcy Court's Order Denying Confirmation of Chapter 13 Plan and Dismissing Case is hereby AFFIRMED; and

3. Any and all pending motions herein are DENIED as moot.