**UNITED STATES of America, Plaintiff,**

v.

**Glen D. BELL, et al., Defendants.**

**No. CV–F–95–5346 OWW SMS.**

United States District Court, E.D. California.

July 20, 1999.

G Patrick Jennings, United States Department of Justice, Tax Division, Washington, DC, for plaintiff.

Glen D. Bell, Modesto, CA, pro se.

Jeanette Bell, Modesto, CA, pro se.

Alan Richard Coon, Bray Geiger Rudquist and Nuss, Stockton, CA, for Stockton Financial Corp., defendant.

MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTIONS 1) FOR RECUSAL OF UNITED STATES DISTRICT JUDGE; 2) TO RECUSE ASSISTANT UNITED STATES ATTORNEY; AND 3) FOR RECONSIDERATION

WANGER, District Judge.

## I. *INTRODUCTION*

Defendants filed the following documents June 17, 1999:

1. Notice of Demand for Reconsideration of Order Re: Miscellaneous Filings Declaration in Support

2. Notice and Demand for recusal of Judge Oliver Wanger for Bias and Prejudice

3. Notice of Prosecutorial Misconduct and Demand for recusal of U.S. Attorney G. Patrick Jennings

*See* Doc. No. 124, 125, 126. The United States filed written opposition to defendants' demands and requests July 6, 1999. Defendants did not file a written reply.

## II. *BACKGROUND*

In this action the United States sought to set aside fraudulent transfers, reduce

tax assessments to judgment, and foreclose tax liens on real property owned by Glen Bell and his spouse Jeanette Bell. On October 23, 1998, Judgment was entered in this case in favor of the United States and against defendants. *See* Doc. No. 103. An order of judicial sale was filed December 24, 1998. *See* Doc. No. 112.

### III. *DISCUSSION*

#### A. *MOTION TO RECUSE UNITED STATES DISTRICT JUDGE*

Section 144, Title 28 United States Code, provides for disqualification "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice ... against him or in favor of any adverse party...." Section 455(b)(1) provides that a judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party...." Sections 144 and 455(b)(1) are construed in *pari materia. Apple v. Jewish Hosp. and Medical Center,* 829 F.2d 326, 333 (2d Cir.1987). Section 455(a) is broader than the above sections, requiring a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." A motion for recusal is committed to the sound discretion of the district court. *See In re Drexel Burnham Lambert Inc.,* 861 F.2d 1307, 1312 (2d Cir.1988), *cert. denied sub nom., Milken v. SEC,* 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d 1012 (1989). The moving party bears a "substantial burden" to show that the judge is not impartial. *United States v. International Business Machines,* 475 F.Supp. 1372, 1379 (S.D.N.Y.1979), aff'd, 618 F.2d 923 (2d Cir.1980). "A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir.1987); *see also New York City Housing Develop. Corp. v. Hart,* 796 F.2d 976, 980 (7th Cir.1986).

In support of their "Notice and Demand for recusal of Judge Oliver Wanger for Bias and Prejudice" pursuant to 28 U.S.C.

§§ 144 and 455, Defendants filed a "Declaration [of Glen Bell] of Bias and Prejudice Against Judge Oliver W. Wanger." Mr. Bell's declaration contains 8 separately numbered paragraphs and asserts the following "facts" warrants disqualification of the district judge:

(1) The Judge is an employee of the United States government, and as such has vested interest in these proceedings; and receives fees for his services in violation of among other things conflict of interest laws, doctrine of separation of powers and Article III of the Constitution for the United States of America by exercising judicial powers outside the limitations imposed in Article III supra. In light of the foregoing, the Judge is in violation of the ancient maxim of law that "a man should not be a judge in his own cause."

(2) the Judge is an agent of the United States Government, and as such said agent is responsible to the United States Government; and hence suffers an intolerable conflict of interest with respect to such facts.

(3) The Judge is employed by and represents as an employee, the United States, the same as the Plaintiff.

(4) The Judge has shown distinct and intolerable bias by the mere filing of 1040 income tax forms, and the refusal to respond to my multiple questions regarding jurisdiction of the United States District Court being an Article IV court and not an Article III court. Therefore this refusal constitutes a distinct predetermined bias.

(5) The Judge as a member of the United States District Court is further under criminal investigation by the Department of the Treasury, Internal Revenue Service's Criminal Investigation Division pursuant to Treasury Document 46.002. [see document attached Exhibit R–1] As such said judge is biased and prejudice [sic] and no doubt compromised to the extent that Declarant has no confidence in the impartiality of the court to guar-

antee due process of law in light of the intolerable inherent conflict of interest of said judge in light of the civil tax claims leveled against the Falsely Accused by the assistant U.S. Attorney, G. Patrick Jennings.

A motion under section 144 must be timely, *i.e.,* the motion should be made at the earliest possible moment after obtaining facts demonstrating a basis for recusal.

> First, a prompt application affords the district judge an opportunity to assess the merits of the application before taking any further steps that may be inappropriate for the judge to take. Second, a prompt application avoids the risk that a party is holding back a recusal application as a fall-back position in the event of adverse rulings on pending matters.

*In re International Bus. Mach. Corp.,* 45 F.3d 641, 643 (2d Cir.1995); *see also In re Anwiler,* 958 F.2d 925, 930 (9th Cir.1992). It is clear from the record in this case that defendants' affidavit is untimely.[1] Defendants contend the district judge has demonstrated bias by refusing to respond to defendants' objections to the Article III jurisdiction of the court. This is incorrect. The court addressed a similar "demand" by defendants to know the "nature and character" of the court. *See* Doc. No. 94 (Sept. 2, 1998). Defendants' objections to the Article III jurisdiction of the court have been analyzed and found legally frivolous. If the failure to rule on any motion properly filed by defendants in this case constitutes grounds for recusal, then defendants knew of any such "refusal" when the motions were not ruled upon. The grounds asserted for recusal which have not already been addressed in earlier decisions in this case responding to a motion to recuse the district judge are frivolous.

---

1. Most courts hold a time limit also applies to section 455 motions. *See, e.g., Preston v. United States,* 923 F.2d 731, 732–33 (9th Cir. 1991); *In re Kansas Public Employees Retirement Sys.,* 85 F.3d 1353, 1360 (8th Cir.1996). A recusal motion under section 455 must be filed "with reasonable promptness after the ground for such a motion is ascertained." *Preston,* 923 F.2d at 733; *Gil Enterprises, Inc. v. Delvy,* 79 F.3d 241, 247 (2d Cir.1996).

■ Defendants' motion comes after entry of judgment in this case. The Ninth Circuit has warned that a recusal motion made after the entry of judgment is presumptively untimely. *See E. & J. Gallo Winery v. Gallo Cattle Co.,* 967 F.2d 1280, 1295 (9th Cir.1992) (recusal motion made after entry of judgment was untimely; "[t]o hold otherwise would encourage parties to withhold recusal motions, pending a resolution of their disputes on the merits, and then if necessary invoke section 455 in order to get a second bite at the apple."); *see also First National Bank of Peoria v. Muller,* 851 F.2d 916, 919 (7th Cir.1988) (movant waived any grounds for making a recusal motion where movant knew the facts at a preliminary hearing and proceeded to trial without objection and only raised the bias issue after Judge's unfavorable ruling), *cert. denied.,* 490 U.S. 1007, 109 S.Ct. 1645, 104 L.Ed.2d 160 (1989).

■ In addition to being untimely, defendants' motion is deficient in form because the affidavit was not "accompanied by a certificate of counsel of record stating that it is made in good faith." *See* 28 U.S.C. § 144. Although Fed.R.Civ.P. 11(b) requires a parties' signature on any motion or paper presented to the court for filing is a certification by the party that the motion or other paper is not presented for any improper purpose, section 144 clearly requires a certificate of good faith which defendants have not provided. Procedural requirements under section 144 are strictly construed and this lack of respect for clear requirements itself sufficient grounds for denying defendants' motion.

> Defendants now seek to do what other courts have warned against; namely, use a post-judgment recusal motion to try to get a second bite at the apple. Defendants' recusal motion is based entirely on issues previously addressed, discovered by defendants long before judgment was entered in this case, and on adverse rulings of the court. The motion is untimely.

■ Even assuming defendants' motion was timely and in the proper form, defendants' motion under either section 144 or 455(b)(1) is without merit. Insofar as "the grounds for disqualification set out in section 144 'personal bias or prejudice either against (a party) or in favor of any adverse party' are included in section 455", *see United States v. Ritter*, 540 F.2d 459, 462 (10th Cir.1976), both sections are considered together. Recusal under either section 144 or section 455(b)(1) is required only if the judge's bias is 1) directed against a party; 2) stems from an extrajudicial source; and 3) casts doubt on his or her impartiality. *See Liteky v. United States*, 510 U.S. 540, 114 S.Ct. 1147, 1152, 127 L.Ed.2d 474 (1994); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986).

■ Apparently realizing the necessity for an extra-judicial source of bias, defendants speculate that there is an "intolerable conflict of interest" between the plaintiff, the United States of America, and the district judge. Defendants accuse the district judge in this case of having an irreconcilable conflict of interest with the plaintiff because 1) this judge is paid a salary by the federal government, 2) has filed income tax returns, 3) refuses to address, in a manner that satisfies defendants, a long litany of meritless claims that the court lacks Article III jurisdiction in this case, and 4) because of an ongoing Treasury Department investigation into the United States District Courts defendants have lost confidence in the impartiality of the district judge to decide this case. The assertions made by defendants are not such that, if true, would convince a reasonable person that bias exists. While a judge's consideration of a motion for recusal must take all facts provided as true for the purpose of ruling on their legal sufficiency, the court need not accept conclusory speculations that lack any factual support. *See United States v. Eyerman*, 660 F.Supp. 775, 781 (S.D.N.Y.1987), appeal dismissed, 857 F.2d 1462 (2d Cir.1987). The prejudice or bias alleged in Mr. Bell's affidavit does not stem from an extra-judicial source. Nor does the affidavit demonstrate the court's rulings on the merits are based on anything other than what facts and law the judge was able to ascertain through the case. *See Liteky*, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474.

■ Moreover, defendants' use of oft rejected "tax protestor rhetoric" is unpersuasive. There is no indication that any of the court's rulings is based upon anything other than the merits of the applicable facts and law. There is no evidence any extra-record information has been utilized or that any information outside the case has been considered. Under both 28 U.S.C. § 144 and § 455(b)(1) recusal is inappropriate.

■ Recusal under § 455(a) is appropriate only where a judge's "impartiality might reasonably be questioned." The critical inquiry is whether there is a reasonable question as to whether a judge has a predisposition towards a party that is wrongful or inappropriate, either because it is undeserved, is excessive in degree, or rests upon knowledge that the judge ought not to possess. *See Liteky*, 114 S.Ct. at 1155. Section 455(a) does not require disqualification every time one party can make some argument, no matter how unreasonable and meritless, that an appearance of prejudice would result. Section 455(a) does not require that the court accept all allegations by the moving party as true, *see United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir.1986); and in this case, defendants' conclusory allegations are baseless and without any factual support. A *reasonable person* does not infer prejudice from the filing of an income tax return form required by law to be filed; from the fact that the United States of America can sue in a United States District Court; or because a federal judge receives a salary from the federal government. No special relationship, improper influence or irreconcilable conflict has been demonstrated by defendants. No legally sufficient reason for recusal has been demonstrated.

Finally, the grounds asserted for recusal of the district judge were previously considered and rejected by the court in prior decisions filed in this case. Section 144 clearly provides that "[a] party may file only *one* such affidavit in any case." (Emphasis added). Defendants motion for recusal contains similar "bias" claims which were addressed in an order filed April 30, 1997. *See* Memorandum Opinion and Order Re: Defendants' Miscellaneous Demands and Notices, Doc. No. 65. Defendants argued the court was biased in favor of the government because the court or its personnel receive payment from the executive branch of the federal government. That argument was rejected:

> Defendants have no basis for alleging personal bias, but merely make an institutional argument of bias applicable to any federal judge hearing a federal tax case. Congress, however, has given federal courts jurisdiction over cases such as this one, so an institutional bias argument fails under sections 144 and 455. *See* 28 U.S.C. §§ 1341, 1345.

Doc. No. 65, p. 6:16–22. The "good cause" requirement for filing an untimely motion to recuse the judge is strictly interpreted. Oftentimes, a party cannot allege enough facts or the required specificity to allege a showing of actual bias, thus failing to meet the requirement of sufficiency. In this case, however, Defendants present no new facts in their papers that justify recusal.

For the foregoing reasons, defendants' motion to recuse the district judge in this case under 28 U.S.C. § 144 and § 455 is DENIED.

## B. *MOTION TO DISQUALIFY UNITED STATES ATTORNEY*

 Attorneys practicing before the courts in the Eastern District of California must comply with the court's Local Rules regarding matters of professional conduct. *See* L.R. 83–180, Local Rules of the Eastern District Court. The court has inherent supervisory power the authority to oversee the professional conduct of lawyers who appear before it. *Zador Corp. v. Kwan*, 31 Cal.App.4th 1285, 1292, 37 Cal. Rptr.2d 754 (1995). The court's supervisory power includes authority to disqualify an attorney appearing in a case, if necessary to maintain public confidences in the legal profession and to protect the integrity of the judicial proceeding. *Truck Ins. Exchange v. Fireman's Fund*, 6 Cal. App.4th 1050, 1055, 8 Cal.Rptr.2d 228 (1992); *see also Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir.1982).

A motion to disqualify counsel is committed to the district court's sound discretion. *Metro–Goldwyn–Mayer, Inc. v. Tracinda Corp.*, 36 Cal.App.4th 1832, 1838, 43 Cal.Rptr.2d 327 (1995); *Trust Corp. of Montana v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir.1983); *In re Coordinated Pretrial Proceedings in Petroleum Prod. Antitrust Litigation*, 658 F.2d 1355, 1358 (9th Cir.), *cert. denied sub nom., California v. Standard Oil Co. of California*, 455 U.S. 990, 102 S.Ct. 1615, 71 L.Ed.2d 850 (1982). When entertaining a motion to disqualify counsel,

> the court must weigh the combined effect of a party's right to counsel of choice, an attorney's interest in representing a client, the financial burden on a client of replacing disqualified counsel and any tactical abuse underlying a disqualification proceeding against the fundamental principle that the fair resolution of disputes within our adversary system requires vigorous representation of parties by independent counsel unencumbered by conflicts of interest.

*Allen v. Academic Games Leagues of America, Inc.*, 831 F.Supp. 785, 789 (C.D.Cal.1993), quoting *In re Lee G.*, 1 Cal.App.4th 17, 26, 1 Cal.Rptr.2d 375 (1991). Motions to disqualify counsel are viewed with extreme caution since they can be misused as techniques of harassment and tend to deprive a party of representation of their choice. *Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 436, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985); *Comden v. Superior Court*, 20 Cal.3d 906, 145 Cal.Rptr. 9, 576 P.2d 971, *cert. denied,*

439 U.S. 981, 99 S.Ct. 568, 58 L.Ed.2d 652 (1978); *Gregori v. Bank of America,* 207 Cal.App.3d 291, 300, 254 Cal.Rptr. 853 (1989).

■■■ Defendants' motion to disqualify Assistant United States Attorney ("AUSA") G. Patrick Jennings, incorrectly titled a motion to recuse the AUSA, alleges prosecutorial misconduct by the AUSA, violation of federal law, an alleged ongoing criminal investigation by a former IRS agent into the Justice Department, and the existence of a conflict with the court. Mr. Bell's Declaration in support of the prosecutorial misconduct motion contains 31 paragraphs and recites a litany of alleged grounds, none of which requires AUSA Jennings' disqualification.[2] Defendants' assertions are without merit and the allegations against AUSA Jennings are more along the lines of time worn tax protestor rhetoric which is universally rejected by federal courts. *See, e.g., In re Gdowik,* 228 B.R. 481 (S.D.Fla.1997) (dismissing as frivolous tax protestor's argument that bankruptcy judges are agents of INTERPOL); *United States v. Ross,* 52 F.3d 329 (Table), 1995 WL 218539 (7th Cir.1995) (Text) (rejecting as frivolous, tax protestor's argument that because 26 U.S.C. § 7602 of the Internal Revenue Code is paired with regulations in the "CFR Table I" which pertain to the Bureau of Alcohol, Tobacco, & Firearms, tax payer must be charged with a crime relating to alcohol, tobacco, or firearms. "Ross's claim is wholly without merit. Section 7602 "authorizes the IRS to issue administrative summonses involving both the civil and criminal elements of the tax laws.", citing *United States v. Becker,* 965 F.2d 383, 390 (7th Cir.1992)). The Attorney General of the United States has been vested with the authority to assign officers to represent the United States. 28 U.S.C. § 517. The United States has the right to appear, through its Attorney General and other subordinate officers, to conduct litigation. *Id.* There is no intolerable conflict of interest by having an Assistant United States Attorney represent the United States' interests in this litigation. The allegations that Mr. Jennings must register as a foreign agent are meritless. The allegations that AUSA Jennings has received a "pecuniary kickback" are without merit and unsubstantiated.

Defendants' motion to disqualify Assistant United States Attorney G. Patrick Jennings is DENIED.

## C. *MOTION FOR RECONSIDERATION*

■■■ A motion for reconsideration under Fed.R.Civ.P. 60(b) must be based on one of three grounds: 1) Intervening change of controlling law; 2) New evidence not previously available; or 3) A need to correct a clear error of law or to prevent manifest injustice. *See Atkins v. Marathon LeTourneau Co.,* 130 F.R.D.

---

2. Some of the claims made by defendants are an extension of earlier arguments made in this case and have already been rejected as frivolous:

> The Bells argue the Internal Revenue Service is not registered to do business in the several States. The Bells cite no authority that any agency of the federal government must register to do business within the State of California to carry out duties imposed by Congress. The Bells argue the Internal Revenue Service may not "impose" administratively issued liens or take any other action compromising life, liberty or property without proceeding through "judicial courts with proper jurisdiction." The Congress, however, has determined that a lien arises automatically upon an assessment. *See* 26 U.S.C. § 6322. Judicial action is unnecessary. The Bells believe they can choose whether they will be taxed. Paying taxes, however, is not voluntary. *Wilcox v. Commissioner* [88–1 USTC P 9387], 848 F.2d 1007, 1008 (9th Cir. 1988). The Bells argue the Internal Revenue Service is an unregistered agent of Puerto Rico and not properly registered under the Foreign Agent Registration Act, 22 U.S.C. § 611 *et seq.* There is no evidence in the record, but only Defendants' conclusory, unsupported assertion, the Service is under the direction and control of Puerto Rico. Nor does this Act appear to create any defense for Defendants.

Doc. No. 62 n. 9.

625, 626 (S.D.Miss.1990) (citing *Natural Resources Defense Council v. United States Envtl. Protection Agency*, 705 F.Supp. 698, 702 (D.D.C.), vacated on other grounds, 707 F.Supp. 3 (D.D.C.1989)); *National Trust for Historic Preservation v. Department of State*, 834 F.Supp. 453, 455 (D.D.C.1993), aff'd. in part, rev'd in part sub nom. *Sheridan Kalorama Historical Ass'n v. Christopher*, 49 F.3d 750 (D.C.Cir.1995); *also School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742, 129 L.Ed.2d 861 (1994); *see also* L.R. 78–230(k), Local Rules of the Eastern District.[3] The decision whether to grant or deny the motion is entrusted to the sound discretion of the district court. *See Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*).

Rule 60 "is not a vehicle to reargue a motion or to present evidence which should have been raised before." *Bermingham v. Sony Corp. of America*, 820 F.Supp. 834, 856 (D.N.J.1992), *aff'd*, 37 F.3d 1485 (3rd Cir.1994). "A party seeking reconsideration must show more than a disagreement with the Court's decision.... [R]ecapitulation of the cases and arguments considered by the Court before rendering its original decision fails to carry the moving party's burden." *Id.* To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g., Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal.1986), aff'd. in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir.1987), *cert. denied*, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).

Defendants seek reconsideration of the June 10, 1999 Order re Miscellaneous filings. The order denied the requests made by defendants in various documents that sought to set aside the judgment against defendants and to stop the ordered judicial sale or to exempt certain property from the sale. The memorandum filed by defendants in support their present motion for reconsideration contains 166 numbered paragraphs. Mr. Bell has filed a declaration in support of the motion for reconsideration.

The court has reviewed the allegations in defendants' motion for reconsideration and finds that defendants do not introduce any new evidence, argument or present a change in controlling law that justifies reconsideration. The motion for reconsideration is DENIED.

## IV. CONCLUSION

So long as a party adopts a responsible attitude, the mere fact that he holds ideological differences with the system of taxation in this country in no way detracts from the validity of his legal arguments. *See, e.g., O'Malley v. Woodrough*, 307 U.S. 277, 59 S.Ct. 838, 83 L.Ed. 1289 (1939) (Article III judge challenged taxation of his salary). In this case, however, defendants have repeatedly raised the same or similar arguments throughout the case to the point of vexatiousness. Defendants' legal positions are entitled to and have received the same consideration as those raised by any other litigant in any case. However, defendants cannot demand that the court repeatedly provide a detailed, point-by-point analysis responding to legally meritless and now harassing contentions. Defendants' legal positions have been fully considered throughout this litigation and were found to lack merit. De-

---

**3.** Local Rule 78–230(k) permits reconsideration of:

any motion [that] has been granted or denied in whole or in part, ... [upon motion] setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:

(1) when and to what Judge the prior motion was made,

(2) what ruling, decision or order was made thereon, and

(3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion.

fendants' disagreement with the court's decisions does not support recusal of the district judge, disqualification of the Assistant United States Attorney, or reconsideration of the final judgment entered in this case October 23, 1998.

This memorandum opinion and order is the final order on all defendants' motions. No further motions for reconsideration shall be entertained.

IT IS ORDERED:

1. Defendants' "Notice and Demand for recusal of Judge Oliver Wanger for Bias and Prejudice" is DENIED.

2. Defendants' "Notice of Prosecutorial Misconduct and Demand for recusal of U.S. Attorney G. Patrick Jennings" is DENIED.

3. Defendants' "Notice of Demand for Reconsideration of Order Re: Miscellaneous Filings Declaration in Support" is DENIED.

SO ORDERED.