Supreme Court
No. 2023-99-C.A.
(W3/20-188A)

State                              :

v.                                :

Irving Johnson.                    :

# O R D E R

The defendant, Irving Johnson, appeals from a judgment of conviction following a jury trial in Washington County Superior Court for vandalism and willful trespass. On appeal, the defendant presents three claims of error pertaining to his request for the trial justice to include a jury instruction on a claim-of-right defense. For the reasons set forth herein, we affirm the judgment of conviction.

The defendant was charged with one count of vandalism in violation of G.L. 1956 § 11-44-1 and one count of willful trespass in violation of § 11-44-26 for an incident that occurred on July 12, 2020.[1] A four-day jury trial was held in Superior Court. The state alleged that defendant had damaged a greenhouse and trespassed on property that belonged to the Narragansett Indian Church Board. After the state rested, defendant moved to dismiss the charges against him pursuant to Rule 29 of

---

[1] Separately, defendant was charged with willful trespass for offenses on diverse dates beginning in April 2019. That case, W3/19-265A, was joined with the instant case for trial, and the jury returned a not guilty verdict. That case is not before us on appeal.

the Superior Court Rules of Criminal Procedure, and the state objected. At that time, defense counsel additionally indicated that defendant would be asserting a claim-of-right defense and appears to have provided the trial justice and the state with a copy of defendant's proposed jury instructions regarding that defense.[2]

The trial justice denied defendant's motion to dismiss. Additionally, the trial justice noted, "with respect to the valid claim of right, the [c]ourt was handed a proposed jury instruction, and it has yet to be decided by the [c]ourt whether or not the instruction will be given. The [c]ourt has to listen to the defendant's case to determine whether or not the claim of right affirmative defense instruction will be given."

Prior to the start of the afternoon session on the third day of trial, the trial justice asked the parties to confirm that they had an opportunity to review the jury instructions. The trial justice then indicated that "defendant is requesting a charge for claim of right, which we will readdress at the conclusion of the defense's case." The case then proceeded, with defendant calling three witness and taking the stand himself.

After the defense rested and the jury left the courtroom, the trial justice informed the parties that she had made changes to the jury instructions, and she

---

[2] The defendant's proposed jury instructions are not in the record before us.

provided the parties with copies of her revised draft jury instructions to review.[3]  At

that time, the prosecutor asked whether they "will * * * be addressing the question

about the defense[,]" to which the trial justice responded, "I'm including it."  There

was a brief break, and the attorneys were brought back into the courtroom to sidebar

regarding the draft jury instructions.

The state indicated that it was objecting to "any inclusion of an affirmative

defense of claim to right."  The state began by arguing that Rule 12 of the Superior

Court Rules of Criminal Procedure required defendant to file "any defenses and

objections available to the defendant at the time or prior to the beginning of trial."

The state additionally contended that claim of right was not a valid affirmative

defense to willful trespass.  The defendant challenged the state's arguments and

averred that "defendants do[ not] waive their right to raise affirmative defenses at

trial," relying on *State v. Lambrechts*, 585 A.2d 645 (R.I. 1991), for support.  The

defendant also argued that lenity should be applied because this was an issue of first

impression.

After some back and forth with the state, the trial justice agreed with the

state's contention that the Superior Court Rules of Criminal Procedure "call for any

affirmative defenses to be brought to the [s]tate's and the [c]ourt's attention" before

the start of trial.  She then determined that Rule 12(a) applied, ruling that "this

---

[3] The trial justice's draft jury instructions are not in the record before us.

defense would have had to, based on Rule 12, the [s]tate would have had to [have] been notified of the defense, therefore, that charge is not going to be included in the instruction."[4] The trial justice addressed additional arguments and stated her intention "to read the jury instructions as written, just take out claim of right * * *."

The jury ultimately found defendant guilty on both counts. The defendant was sentenced to one year of probation and twenty hours of community service on the vandalism count and one year of probation on the willful trespass count relating to the July 12, 2020 incident. The judgment of conviction entered on May 31, 2022. This appeal followed.

On appeal, the state argues that, by not furnishing this Court with a copy of the proposed jury instructions, defendant waived his right to challenge the trial justice's decision to not include a claim-of-right instruction.[5] We agree. Indeed, "[i]t is counsel's responsibility to include such appropriate materials as will assist this Court in examining the issues raised on appeal." *State v. Gardiner*, 895 A.2d 703, 716 (R.I. 2006).

---

[4] We note that, although it was relied upon and argued at trial, the state now concedes that "Rule 12 of the Rules of Criminal Procedure would not seem to bar an affirmative defense of claim of right at trial if it were a legally permissible affirmative defense."

[5] Following oral argument before this Court, defendant filed a "motion to correct the record" in which he sought to supplement the record with (1) defendant's proposed jury instructions; (2) the trial justice's draft jury instructions; and (3) the jury instructions ultimately utilized at trial, and the state objected. The defendant's motion was denied.

The defendant submits that this Court need not refer to the proposed jury instructions in our review of the matter, suggesting that the "trial court's failure to include its proposed jury instructions in the record" is a "red herring." We are not persuaded by this argument, in particular because the affirmative defense to trespass that defendant is requesting—claim of right—has not been recognized by this Court. *See, e.g.*, *State v. Robinson*, 297 A.3d 80, 95 (R.I. 2023) ("When reviewing jury instructions, 'it is our duty to ensure that they adequately cover the law—in which event we will uphold them.'" (quoting *State v. Figuereo*, 31 A.3d 1283, 1288 (R.I. 2011))). The defendant is asking this Court to remand the case to the Superior Court for a new trial without giving any guidance to the trial justice on whether a claim-of-right defense is appropriate or applicable. Indeed, at oral argument, when asked, defense counsel agreed that she was essentially asking for an advisory opinion.

Certainly, "[i]t is incumbent upon a trial justice to instruct the jury on the law that applies to each issue that the parties raise at trial." *State v. Garcia*, 883 A.2d 1131, 1137 (R.I. 2005). "As a general proposition a defendant is entitled to an instruction as to any *recognized* defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *State v. Verrecchia*, 766 A.2d 377, 390 (R.I. 2001) (emphasis added) (quoting *Mathews v. United States*, 485 U.S. 58, 63 (1988)). A claim-of-right defense to trespass, however, has not been *recognized* by

this Court. *See id.* Unlike self-defense, which has been well established and reviewed throughout our caselaw, this Court has not had the opportunity to opine on a claim-of-right defense to trespass, and we decline to do so here.

By the defendant's not ensuring that his proposed jury instructions or the trial justice's draft jury instructions were in the record, we are unable to conduct a meaningful review of the issues the defendant raised in the case at bar. "When a party fails to file a complete record with the Court, we shall affirm the trial court." *Gardiner*, 895 A.2d at 716.

For the reasons set forth herein, we affirm the judgment of conviction. This case may be remanded to the Superior Court.

Entered as an Order of this Court this 13th day of May, 2025.

By Order,

_____/s/ Meredith A. Benoit, Clerk_____
Clerk

- 6 -



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | State v. Irving Johnson. | |
| **Case Number** | No. 2023-99-C.A. **(W3/20-188A)** | |
| **Date Order Filed** | May 13, 2025 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Washington County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Sarah Taft-Carter | |
| **Attorney(s) on Appeal** | For State: Arthur DeFelice Department of Attorney General | |
| | For Defendant: Shannah M. Kurland, Esq. | |